Writs of certiorari to the Court of Criminal Appeals,473 So.2d 541, were issued in these cases, to review the decision of that court that affirmed petitioners' convictions and sentences.
These petitioners were indicted on charges of theft in the second degree. *Page 546 
They were arraigned and pleaded not guilty. On 20 April 1983, a motion to consolidate the trials of Martin Lee Jones and Solomon Bryant was filed by the State. It was granted on 22 April 1983. Trial was held on 3 and 4 May 1983; petitioners were found guilty and sentenced. They appealed and the Court of Criminal Appeals affirmed.
The facts set out in the opinion of the Court of Criminal Appeals are sufficient to determine the issue presented for review.
 That issue is whether the appellate court erred in affirming the trial court's grant of the State's motion to consolidate the trial of petitioners without notice to them or their attorney and with no opportunity to be heard.
Rule 15.4 (b), Alabama Temporary Rules of Criminal Procedure, provides as follows:
 "CONSOLIDATION. If defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may, no later than seven (7) days prior to trial, order that the defendants be joined for the purposes of trial if the defendants could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard."
We cannot agree with the appellate court's statement that this rule was effectively complied with or, if not, any error arising from the failure to comply was harmless. The rule is mandatory when stating "the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard." (Emphasis added.) Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule.
As asserted by petitioners, they have a right to effective assistance of counsel at all critical stages of the proceedings against them. Amendment VI, Const. of U.S. Every lawyer experienced in representing persons charged with crimes knows it to be crucial to defense strategy and tactics that he is aware of whether his client is to be tried alone or with another.
We today hold that the purpose of Rule 15.4 (b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it.
The Court of Criminal Appeals' decision is due to be, and is hereby, reversed and the case remanded to that court for action by it consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.