David Jerome Glanton's petition for writ of certiorari was granted in order to review the Court of Criminal Appeals'474 So.2d 154, decision affirming petitioner's conviction. The dispositive issue presented here is essentially the same as that considered in Ex parte Jones, 473 So.2d 545 (Ala. 1985). On the authority of Jones, we reverse.
Petitioner, by separate indictments, was indicted for two counts of kidnapping, two counts of sodomy, and two counts of rape. At his arraignment, petitioner pleaded not guilty to all charges. On 20 July 1983, the State filed a motion for consolidation of the indictments for trial. Without affording petitioner an opportunity to be heard, the trial court granted the State's motion. A jury trial was held five days later and Glanton was found guilty on all counts. On appeal to the Court of Criminal Appeals the convictions were affirmed.
The issue presented is whether the Court of Criminal Appeals erred in affirming the trial court's order granting the State's motion to consolidate, within five days of trial, and without giving petitioner an opportunity to be heard.
Temporary Alabama Rules of Criminal Procedure 15.3 (b) provides:
 "(b) Consolidation. If a defendant has been charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard." (Emphasis added.)
We held in Ex parte Jones, supra, that the purpose of a similar provision, Temporary Alabama Rules of Criminal Procedure 15.4 (b) ("Joinder, Consolidation, and Severance of Defendants"), could be served only by strict compliance with the mandatory language. Id., 473 So.2d 545. Thus, in Jones, where a motion to consolidate defendants was granted without an opportunity to be heard being afforded the defendants, this court found reversible error. As in Jones, the petitioner in this case was not given an opportunity to be heard on the motion to consolidate. Neither did the trial court comply with the "not later than seven days prior to trial" mandate quoted above.
Just as knowing whether a criminal defendant must stand trial alone, or with another, is crucial to trial strategy and case preparation, so is knowing whether a defendant must face one charge, or multiple charges. Accordingly, the Court of Criminal Appeals erred in upholding the trial court's order which was in clear violation of Temporary Alabama Rules of Criminal Procedure 15.3 (b). The judgment is, therefore, due to be, and is hereby, reversed, and the case remanded to the Court of Criminal Appeals for action consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur. *Page 158