516 So.2d 941 (1987)
Stephen Carl WRIGHT
v.
STATE.
5 Div. 215.
Court of Criminal Appeals of Alabama.
October 27, 1987.
*942 Willard Pienezza, Tallassee, for appellant.
Don Siegelman, Atty. Gen., and J. Anthony McLain and James F. Hampton, Sp. Asst. Attys. Gen., for appellee.
McMILLAN, Judge.
The appellant, Stephen Carl Wright, was indicted in a two-count indictment. The first count alleged that he "did attempt to engage in sexual intercourse with [B.T.,] a female, by forcible compulsion, in violation of Section 13A-6-61 of the Code of Alabama." The second count charged that he "did, with intent to cause physical injury to another person, cause physical injury to [B.T.] by means of a deadly weapon or a dangerous instrument, to-wit: a writing pen, in violation of Section 13A-6-21 of the Code of Alabama."
A second indictment was returned by the same grand jury, charging that the appellant "did, unlawfully enter the lawfully occupied dwelling house of [B.M.] while said dwelling was being occupied by [B.M.,] with the intent to commit a theft or a felony therein, to-wit: rape, in violation of Section 13A-7-6 of the Code of Alabama." A second count in the indictment charged the appellant with attempting "to engage in sexual intercourse with [B.M.,] a female, by forcible compulsion, in violation of Section 13A-6-61 of the Code of Alabama."
The cases were consolidated for trial and, in case No. CC-86-358, the appellant was found guilty of attempted rape and assault in the second degree. He was sentenced to ten years' imprisonment on each conviction with the sentences to run concurrently. In case No. CC-86-359, he was found guilty of burglary in the second degree and attempted rape. He was sentenced to ten years' imprisonment on each charge, with the sentences to run concurrent with each other and with those sentences imposed in case No. CC-86-358.

I
The appellant argues that the cases against him were improperly consolidated for trial purposes. Specifically, the appellant alleges that he was denied his right to a fair trial through the consolidation of two cases involving separate victims of crimes occurring at separate times. He further alleges that the consolidation was erroneous because the seven-day period established in Rule 15.3(b), Alabama Temporary Rules of Criminal Procedure, was violated. That rule provides:
"If a defendant has been charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard." (Emphasis added.)
The record indicates that the State filed a motion to modify/correct the record pursuant to Rule 10(f), Alabama Rules of Appellate Procedure, requesting that the trial court enter an order reflecting that the cases were joined by consent of the parties because the record failed to disclose the joining of the cases for trial by consent of counsel for the parties. The trial court filed an order stating:
"Upon consideration of the testimony presented the Court finds that the State's Motion to Amend is due to be Denied. It is therefore, ORDERED, ADJUDGED and DECREED that the State's Motion to Modify/Correct Record Pursuant to Rule 10(f) A.R.A.P. is hereby Denied. Accordingly, the Record in this cause shall not be modified to reflect joinder or consolidation of the two cases for which the Appellant was tried in Elmore County as this Court does not find that the Appellant gave his consent on the Record prior to the trial of these cases."
A hearing was held on the State's motion in which the prosecutor testified that she *943 had met with the appellant's attorney and the judge presiding over the case prior to trial. She testified that she stated to the judge that the State wished to try both of the cases together, whereupon the defense counsel left to confer with his client, and then returned and consented to the consolidation. On cross-examination, the prosecutor testified that although the seven-day period was not met, the defense counsel had consented. She further testified that she never heard the appellant consent to the consolidation.
The Alabama Supreme Court, in Ex parte Glanton, 474 So.2d 156 (Ala.1985), held that the provision in Rule 15.3(b) requiring that the trial court's order for consolidation not be issued later than seven days prior to trial was a mandate. The court stated:
"We held in Ex parte Jones, [473 So.2d 545 (Ala.1985)], that the purpose of a similar provision, Temporary Alabama Rules of Criminal Procedure 15.4(b) (`Joinder, Consolidation, and Severance of Defendants'), could be served only by strict compliance with the mandatory language. Id., 473 So.2d 545. Thus, in Jones, where a motion to consolidate defendants was granted without an opportunity to be heard being afforded the defendants, this court found reversible error. As in Jones, the petitioner in this case was not given an opportunity to be heard on the motion to consolidate. Neither did the trial court comply with the `not later than seven days prior to trial' mandate quoted above."
The Alabama Supreme Court stated that the reason for this rule was that the knowledge of whether the defendant would be facing one charge or multiple charges was crucial to trial strategy and case preparation. Thus, by consenting, the defendant implied that consolidation would not affect or hamper his trial strategy. Furthermore, because the defense counsel failed to object to consolidation, this issue is not preserved for our review.

II
The appellant argues he was denied effective assistance of counsel in that his defense counsel at trial failed to object to the consolidation and because his counsel failed to present evidence of a known history of mental illness, as shown in psychiatric reports, although the defendant entered a plea of not guilty by reason of insanity. However, the appellant was not substantially prejudiced by the failure of his defense counsel to object to the consolidation. The record indicates that both alleged offenses occurred on June 6, 1986. In both cases, the appellant attempted to rape his victim.
Two or more offenses may be properly joined for trial, if the offenses:
"(i) are of the same or similar character; or
"(ii) are based on the same conduct or are otherwise connected in their commission; or
"(iii) are alleged to have been part of a common scheme or plan."
Rule 15.3(a), Ala.R.Crim.P.Temp.
The two offenses were of the same or similar character and appeared to be part of a common scheme, design, or plan. The judge suggested at trial that evidence of each offense would have been admissible at the trial of the other, had separate trials been held. See C. Gamble, McElroy's Alabama Evidence, § 69.01(6) (3d ed. 1977). Thus, the consolidation of these cases was proper, and the appellant was not prejudiced thereby. Crawford v. State, 485 So. 2d 391, 394-95 (Ala.Cr.App.1986).
Further, we cannot argue that the appellant was denied effective assistance of counsel on the basis that his attorney did not agressively pursue the insanity defense. The record includes the report of a forensic evaluation conducted on the appellant by Dr. Bell of the Taylor Hardin Secure Medical Facility. The appellant was adjudged competent to stand trial and, as to his probable mental state at the time of the alleged offenses, he reported a history of psychiatric treatment but "negated the validity of such treatment by insinuating that he submitted to treatment for ulterior motives." The examiner concluded that *944 there was no indication that symptoms of mental illness were present or would have been influential in the commission of the alleged offenses. Furthermore, the examiner stated that the appellant denied involvement in the offenses and, therefore, the examiner concluded that the "question of his probable mental state is moot."
Although the appellant alleges that the medical records from the V.A. Hospital concerning his mental status should have been secured and admitted, Dr. Bell indicates in the forensic evaluation report that those records were not available because the appellant refused to sign consent forms to allow their release.
"Under the circumstances, counsel's decision not to pursue such a defense was the exercise of reasonable professional judgment, and not an error which could be viewed as a deficiency in professional performance. Certainly, such conduct cannot be judged as an error `so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ]."
Dunkins v. State, 489 So.2d 603, 608 (Ala. Cr.App.1985).
AFFIRMED.
All the Judges concur.