TYSON, Judge.
Glenn Holladay was charged in three separate indictments with escape in the first degree, theft of property in the first degree and kidnapping in the first degree. These three indictments were consolidated for trial. The jury found the appellant guilty of the escape and theft charges and not guilty of the kidnapping charge. The appellant was sentenced to life imprisonment on both convictions.
The facts of this case are irrelevant to our decision, and thus, will be deleted.
I
The appellant contends the three indictments were improperly consolidated for trial because he was not present at the consolidation hearing and was not afforded the opportunity to be heard on the motion to consolidate.
During the hearing on the motion to consolidate, the following occurred:
“THE COURT: We’ve got a motion for consolidation in the Holladay cases. Is there objection to that motion?
“MR. SHUMAKER: Judge, for the record, I have not had an opportunity to communicate with Mr. Holladay concerning the filing of this motion. I received a copy of the State’s motion, I guess, yesterday and was notified by the Clerk yesterday that the hearing would be this morning at eleven o’clock. As a legal matter, being Mr. Holladay’s attorney by appointment, I’m somewhat reluctant to agree. I’m also somewhat reluctant to consent that we have the hearing this morning in the absence of me having an opportunity to discuss the matter with him. I realize we have certain time restraints, but I feel like justice does not travel like a speeding bullet.
“THE COURT: All right. I certainly understand your reluctance to consent to a motion, but I feel that it’s not inappropriate to go ahead and have the hearing on the motion. So, I will hear from the State.
“MR. SHUMAKER: Judge, are we going to have the hearing without Mr. Holla-day’s presence?
“THE COURT: Yes, sir.
“MR. SHUMAKER: Note our objection to that.
(R. 8-9)
Rule 15.3(b), A.R.Crim.P.Temp. provides:
“CONSOLIDATION: If a defendant has been charged in separate indict *214 ments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard.”
In the case at bar, not only was the appellant denied the opportunity to be heard on the motion to consolidate, he was not even present at the hearing on the motion. Although defense counsel was present at the hearing, he was not afforded the opportunity to confer with the appellant prior to the hearing. Rule 15.3(b), A.R.Crim.P. Temp, was not complied with in this instance and thus, the trial court’s decision to consolidate these indictments for trial was in clear violation of Rule 15.3(b) which controls.
Furthermore, any error in consolidating these indictments for trial cannot be rendered harmless. In Ex parte Glanton, 474 So.2d 156 (Ala.1985), our Supreme Court stated that the purpose of Rule 15.-3(b) can “be served only by strict compliance with the mandatory language.” Glanton, 474 So.2d at 157. See also Ex parte Jones, 473 So.2d 545 (Ala.1985) (construing a similar provision regarding consolidation of defendants for trial).
“Just as knowing whether a criminal defendant must stand trial alone, or with another, is crucial to trial strategy and case preparation, so is knowing whether a defendant must face one charge, or multiple charges.”
Glanton, 474 So.2d at 157.
Thus, the trial court committed reversible error when it consolidated these three indictments for trial without affording the appellant the opportunity to be heard on this matter.
For the reasons stated this cause is due to be and is, hereby, reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.