Reginald Sharpe was convicted for the attempted murders of Prichard police officers Barry Dinkins, Sr., and Kenneth D. Hempfling. He was sentenced to concurrent terms of life imprisonment in each case. He raises two issues on this appeal from those convictions.
On January 24, 1989, Officers Dinkins and Hempfling went to the residence located at 207 Ada Avenue in Mobile to execute a search warrant for narcotics. The residence was owned by "convicted dope dealer" Wayne Crenshaw, aka "Majic." Officer Dinkins's informant had recently made a "buy" at the residence.
Dinkins repeatedly knocked on the front door and announced "police." Receiving no response, a cable and a tow truck were used to remove the burglar bar door and the front door. Officers Dinkins and Hempfling were just inside the residence when the defendant came out of a bedroom and began firing a pistol at the officers. Hempfling was wounded in the ensuing exchange of gunfire.
Dinkins pursued the defendant into a bedroom and observed Kathy Smith, the defendant's sister. When Dinkins asked Ms. Smith, "Where is he?", the defendant responded, "Dinkins I'm under here [the bed]." The defendant was apprehended having sustained a gunshot wound to the leg. Cocaine and marijuana were found in the residence.
At some point during the trial after the State had presented its case in chief, Ms. Smith pleaded guilty to possession of cocaine and possession of marijuana. She was given concurrent sentences of three years' imprisonment in each case and placed on three years' probation. She did not appeal her convictions.
Sharpe's defense was self-defense, although he did not testify. After Ms. *Page 1109 
Smith's counsel stated he was "not going to let her testify," Sharpe's counsel read into evidence the testimony Ms. Smith gave at his first trial. Ms. Smith's testimony was to the effect that she and her boyfriend, Alvin Taylor, had been living at the residence. However, for six days before the shooting she had lived with her aunt and had been in the hospital with the flu. On the day of the shooting, she had returned to the house and was sleeping when awakened only by the shooting. She did not hear anyone announce "police." The defendant, who lived with his aunt, had been watching television in the room next to the bedroom. Ms. Smith denied knowledge or ownership of the drugs (except for the prescription medication which she was taking for the flu) and testified that the pistol used by the defendant belonged to her boyfriend. Other witnesses corroborated Ms. Smith's testimony.
 I
The defendant contends that the trial court improperly granted the State's motion to consolidate before conducting a hearing at which the defendant was given the opportunity to be heard.
The defendant was separately indicted for two cases of attempted murder, for possession of cocaine, and for possession of marijuana. The defendant's sister, Kathy Smith, was indicted for possession of cocaine and marijuana. The four cases against the defendant were consolidated and he was tried on May 9, 1988. At this trial, Ms. Smith testified as a defense witness. The defendant was acquitted of the two drug charges, but the jury was deadlocked and a mistrial was declared as to the two charges of attempted murder.
On July 5, 1988, the State filed a motion to consolidate the two cases of attempted murder against the defendant and the two cases of drug possession against Ms. Smith. On July 20, the defendant filed an "answer" in which he did not object to the consolidation of the two charges of attempted murder but did object to the consolidation of his two cases with the two cases against Ms. Smith. In his answer, the defendant did not request a hearing or oral argument.
On October 7, 1988, a hearing was held and the State's motion was granted. The case action summary sheet for this hearing contains the notation, "Defendant's attorney, Jeff Deen, in court." The judgment entry for this hearing states, "Thereupon in open court on this day, defendant's attorney, Jeff Deen, was in court."
On October 20, 1988, the defendant filed a motion to sever. In that motion, the following allegations were made:
 "3. . . . Both Smith and Sharpe filed written objections to the [State's motion of] consolidation.
 "4. The motions to consolidate were set for hearing before the Court on October 7, 1988. Prior to the hearing, Norm Davis, . . . the attorney for Kathy Smith, was granted a continuance as to the motion pending against Kathy Smith and had it reset until October 21, 1988. Mr. Davis, as an officer of the Court, notified the attorney for defendant Reginald Sharpe that the hearing on the motion to consolidate had been continued for both parties to October 21, 1988.
 "5. On October 7, 1988, the State's motion to consolidate that had been filed in the case involving defendant Reginald Sharpe came before the Court at its regular Friday morning 10:30 A.M. setting. Neither defendant nor his attorney were present. Kathy Smith's case, was not on the docket as it had been continued until October 21, 1988. Neither Ms. Smith nor her attorney were present. The motion pertaining to defendant Reginald Sharpe was continued until 2:00 P.M. on October 7, 1988, and the Court on its own motion, reset Kathy Smith's case at the same time. Counsel for defendant Reginald Sharpe was not notified that the motion to consolidate was to be heard.
 "6. On October 7, 1988, the motion to consolidate the cases of Reginald Sharpe with those of Kathy Smith was granted. Neither Smith nor Sharpe were present at the hearing; nor were their respective attorneys.
"* * * * *Page 1110 
 "8. The consolidation . . . prejudices [the defendant] to such an extent that a fair trial cannot be accorded. As he did in the first trial, Sharpe has subpoenaed Kathy Smith to be a witness on his behalf and fully expects her to testify just as she did in the previous trial. Defendant will be denied his right to call witnesses on his behalf if his case is consolidated with that of Kathy Smith."
On October 21, 1988, a hearing was held and the trial court denied the defendant's motion to sever. At that hearing, the following occurred:
 "MR. DEEN [Defense Counsel]: On October the 7th it had been continued. We didn't have an opportunity to be heard at that time and now — well, it was consolidated.
"THE COURT: Well, you now have your opportunity."
Immediately before the defendant's trial began on October 25, 1988, the defendant renewed, and the trial judge denied, the motion to sever.
In Jones v. State, 473 So.2d 541 (Ala.Cr.App. 1984), reversed, Ex parte Jones, 473 So.2d 545 (Ala. 1985), defense counsel did not receive notice of the State's motion to consolidate until after the hearing on the motion had been held and the motion had been granted. On the day of trial, defense counsel informed the trial court of this fact and the trial court gave counsel an opportunity to be heard and then denied their motion to sever. Because the defendants were given an opportunity to be heard, this Court found "no basis" for reversal. Jones, 473 So.2d at 545.
The Alabama Supreme Court reversed this Court and held:
 "We cannot agree with the appellate court's statement that this rule was effectively complied with or, if not, any error arising from the failure to comply was harmless. The rule is mandatory when stating 'the court shall not order that the defendants be tried together without first
providing the defendants and the prosecutor an opportunity to be heard.' [Emphasis added.] Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule.
 "As asserted by petitioners, they have a right to effective assistance of counsel at all critical stages of the proceedings against them. Amendment VI, Const. of U.S. Every lawyer experienced in representing persons charged with crimes knows it to be crucial to defense strategy and tactics that he is aware of whether his client is to be tried alone or with another.
 "We today hold that the purpose of Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it." Jones, 473 So.2d at 546.
See also Ex parte Speaks, 494 So.2d 118, 119 (Ala. 1986) (severance of jointly indicted defendants was not authorized in absence of a finding of prejudice to a defendant); Ex parteGlanton, 474 So.2d 156, 157 (Ala. 1985) (granting State's motion to consolidate constituted reversible error where defendant was not given an opportunity to be heard on the motion and where the motion was granted less than seven days before trial).
Rule 15.4(b) states:
 "(b) Consolidation. If defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may, no later than seven (7) days prior to trial, order that the defendants be joined for the purposes of trial if the defendants could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard."
It is the opinion of this Court that the provision contained in the last sentence of this rule that "the defendants and the prosecutor" be provided with "an opportunity to be heard" is satisfied when the defendants *Page 1111 
and the prosecutor are provided with notice of the proposed or requested consolidation and given time in which to object. This last sentence must be read in conjunction with the provision of the first sentence of the Rule that "the court, on its own initiative or on motion of any party, may" order a consolidation. Rule 15.4(b) (emphasis added).
We find that Rule 15.4(b) does not require either an adversarial hearing or oral argument. Under that rule, a party has been given "an opportunity to be heard" when the party has responded in writing to the merits of the motion to consolidate. We consider the phrase "opportunity to be heard" as synonymous with the phrase "opportunity to object," which, of necessity, requires notice that the consolidation has been requested. We note that when used in a different context, the phrase "opportunity to be heard" may be synonymous with the term "hearing." See 29A Words and Phrases Opportunity to beHeard 508 (perm. ed. 1972) and 69 (Supp. 1989).
We find no place where the phrase "opportunity to be heard" has been defined by the courts of this state. Cf., D.B. Clayton Associates v. McMaughton, 279 Ala. 159, 161, 182 So.2d 890
(1966) ("[A] 'hearing' ordinarily is defined, in matters not associated with full trials, as a proceeding in which the parties are afforded an opportunity to adduce proof and to argue inferences from the evidence."); Seibold v. State,287 Ala. 549, 556, 253 So.2d 302 (1970) (same); Fiorella v. State,40 Ala. App. 587, 590, 121 So.2d 875, cert. denied, 270 Ala. 737, 121 So.2d 881 (1960) (same).
We note that the provision of Rule 15.4(b), A.R.Cr.P.Temp. (effective March 1, 1983), that "the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard," was not a part of the Proposed Alabama Rules of Criminal Procedure. See Rule 13.3, Proposed Revision with Commentary, Alabama Rules of Criminal Procedure (Alabama Law Institute, January 1983). Proposed Rule 13.3 provided for no objection to a requested consolidation. Proposed Rule 13.4 provided that either the defendant or the State could seek relief from a prejudicial joinder through a motion to sever.
In construing a rule, "[t]he court must look at the entire statutory [or court-made] scheme instead of isolated phrases or clauses." Alabama Farm Bureau Mutual Cas. Ins. Co. v. City ofHartselle, 460 So.2d 1219, 1225 (Ala. 1984). "Words have varying meanings according to their context." Pappanastos v.State Tax Commission, 235 Ala. 50, 52, 177 So. 158 (1937). "The meaning of words are, of course, to be taken from their context." Brock v. City of Anniston, 244 Ala. 544, 549,14 So.2d 519 (1943). "In considering the true meaning to be placed upon [the word], due regard must be had to the connection in which it is used, and the nature of the thing to be done."Haisten v. State, 5 Ala. App. 56, 61, 59 So. 361 (1912).
Notice and an opportunity to be heard are "the hallmarks of due process," Anonymous v. Anonymous, 353 So.2d 515, 519 (Ala. 1977). See also Humane Society of Marshall County v. Adams,439 So.2d 150, 152 (Ala. 1983) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."). However, " '[d]ue process does not always require an adversarial hearing.' Hickey v. Morris,722 F.2d 543, 549 (9th Cir. 1983)." Williams v. Wallis,734 F.2d 1434, 1439 (11th Cir. 1984). Moreover, "the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution."Harris v. Birmingham Board of Education, 817 F.2d 1525, 1528
(11th Cir. 1987). Here, we find no due process violation because this defendant did receive notice of, and file an objection to, the requested consolidation.
 II
The trial judge did not commit reversible error in refusing the following jury instructions requested by the defendant:
 "Charge No. 11: 'I charge you, members of the jury, that if upon a consideration of all of the evidence, the jury has a reasonable doubt as to whether the defendant *Page 1112 
acted in self defense, then the defendant must be acquitted.'
 "Charge No. 12: 'I charge you, members of the jury, that if the jury believes that there is evidence tending to show that the defendant acted in self defense, and such evidence of self defense, considered together with all of the other evidence in the case, creates a reasonable doubt in the minds of the jury of the defendant's guilt, the defendant must be acquitted.'
 "Charge No. 13: 'I charge you, members of the jury, that in order for the defendant to be convicted, the State must prove to you from the evidence, beyond a reasonable doubt, that the defendant did not act in self defense.' "
The trial judge charged the jury on the elements of self-defense. The trial judge then instructed the jury:
 "If after comparing and considering all the evidence in this case, if your minds are left in such a condition that you cannot say that you have an abiding conviction and to a moral certainty of the guilt of the Defendant, then I would tell you that you are not convinced beyond a reasonable doubt and the Defendant would be entitled to an acquittal at your hands."
Charges 11 and 12 are correct statements of law. Vaughn v.State, 293 Ala. 365, 367, 304 So.2d 6 (1974), cert. denied,423 U.S. 857, 96 S.Ct. 109, 46 L.Ed.2d 83 (1975); C. Gamble,McElroy's Alabama Evidence § 457.02(9) (3rd ed. 1977).
 "The rule is generally stated as follows: 'If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether defendant acted in self-defense or not, then they should acquit.' Smith v. State, 68 Ala. 424, 430. Or, as stated in Hurd v. State, 94 Ala. 100, 10 So. 528: 'If the jury, upon considering all of the testimony, have a reasonable doubt of the defendant's guilt, arising out of any part of the evidence, they should find him not guilty' ". Henson v. State, 112 Ala. 41, 21 So. 79, 80 (1896), overruled on other grounds, McGhee v. State, 178 Ala. 4, 59 So. 573 (1912).
See also Ex parte Williams, 213 Ala. 121, 121-22, 104 So. 282
(1925); Miller v. State, 107 Ala. 40, 19 So. 37, 40 (1894);Hubbert v. State, 32 Ala. App. 477, 479, 27 So.2d 228 (1946).
We find no error in the refusal of requested charges numbers 11 and 12 because "[t]he refusal of a requested written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge. . . ." Rule 14, A.R.Cr.P.Temp. See also Stephens v. State, 552 So.2d 162 (Ala. 1989); Ala. Code 1975, § 12-16-13.
In Lambeth v. State, 380 So.2d 923 (Ala. 1979), our Supreme Court held that the trial court did not err in refusing to instruct the jury that if they had a reasonable doubt of the defendant's guilt growing out of the evidence or any part of it, they must acquit the defendant. That court held that the principle was substantially and fairly covered in the trial court's charge to the jury:
 "[I]f by the oral charge or by other requested jury instructions, the jury is presented a discussion of the reasonable doubt standard as applied to the evidence in its totality, then the failure to give instructions similar to defendant's charges . . . is not error to reverse." Lambeth, 380 So.2d at 925.
See also Dillard v. State, 371 So.2d 947, 948 (Ala. 1979).
In Howard v. State, 390 So.2d 1070, 1073 (Ala.Cr.App.), cert. denied, Ex parte Howard, 390 So.2d 1077 (Ala. 1980), this Court recognized that a requested charge similar to defendant's charge number 13 was properly refused because it was "an oversimplification of the principles of law pertaining to the subject."
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1113