TAYLOR, Judge.
The appellant, Arthur Edward Goodman, was charged in separate indictments with two counts of theft of property by deception in the second degree, violations of § 13A-8-4, Code of Alabama 1975. He was sentenced as a habitual offender to concurrent terms of 15 years imprisonment on each count. The terms were split so that he could serve two concurrent 3-year terms in prison and 2 concurrent 3-year terms on probation.
The appellant initially argues that the trial court erred in granting the state’s motion to consolidate the two offenses for trial without first giving him notice and an opportunity to object. Consolidation of offenses is specifically provided for in Rule 13.3(c), A.R.Crim.P., which became effective on January 1, 1991. That subsection states:
“If offenses or defendants are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together or that the defendants be joined for the purposes of trial if the offenses or the defendants, as the case may be, could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint. However, the court shall not order that the offenses or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard.”
(Emphasis added.)
The Temporary Rules of Criminal Procedure, Rule 15.3(b), in effect before the adoption of the permanent rules, had the same notice requirement. Rule 15.3(b), states:
“If a defendant has been charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of either party, may, not later than seven days prior to trial, order that the charges be tried together if the offenses could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information or complaint. However, the court shall not order that the offenses be tried together without first providing the defendant and the prosecutor an opportunity to be heard.”
(Emphasis added.)
Here, the state filed a motion to consolidate on September 18, 1991, approximately two weeks before trial. The case action summary sheet reflects that the same day on which the motion was filed, the trial court granted the motion to consolidate without giving notice, holding a hearing, or allowing the appellant to respond to the motion in any way.
*448 This court has held that the “opportunity to be heard” includes notice and the opportunity to object, but does not necessarily require an adversarial hearing or oral argument. Sharpe v. State, 560 So.2d 1107 (Ala.Cr.App.1989). (Judge Bowen, interpreting Rule 15.4(b), A.R.Crim.P.Temp.) As Judge Bowen stated in Sharpe:
“Notice and an opportunity to be heard are ‘the hallmarks of due process,’ Anonymous v. Anonymous, 353 So.2d 515, 519 (Ala.1977). See also Humane Society of Marshall County v. Adams, 439 So.2d 150, 152 (Ala.1983) (‘The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.’) However, ‘ “[d]ue process does not always require an adversarial hearing.” Williams v. Wallis, 734 F.2d 1434, 1439 (11th Cir.1984).’ ”
Sharpe, 560 So.2d at 1111.
Under the facts of this case, a hearing may or may not have been required on the state’s motion to consolidate. Here, a determination cannot be made of whether the grounds set forth in support of the motion to consolidate and the underlying facts merited a hearing to satisfy the due process requirement. The court acted arbitrarily and denied the appellant his right to due process. The appellant was entitled, as a requirement of due process and of clearly written rules of procedure, to an opportunity to respond to the motion to consolidate. When the motion in this case was granted the same day it was made, without any notice to the appellant, the appellant was denied his due process right. The record shows that the appellant filed a motion to sever the offenses on the date of trial. As the Alabama Supreme Court stated in Ex parte Jones, 473 So.2d 545 (Ala. 1985), “Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule.” 473 So.2d at 546.
Rule 13.3(c), A.R.Crim.P., must be strictly observed. Because the appellant was denied due process, we must reverse the judgment and remand this case to the Circuit Court for Jefferson County for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.