The appellant, Heywood Nye, appeals from his two convictions for the unlawful distribution of a controlled substance (cocaine), § 13A-12-211, Ala. Code 1975, and his conviction for the distribution of imitation controlled substances (imitation cocaine), § 20-2-143, Ala. Code 1975. He raises four issues for our review on appeal. However, because three of these issues are based on a claim that the appellant was misnamed in the indictments, we shall address these three issues together.
 I
The appellant's first contention is that the trial court erred in not granting his motion to dismiss. The appellant's written motion, which was filed following his trial, alleged that the indictments against him were due to be dismissed because, he said, they failed to describe him by his proper name. The record shows that the appellant had made a similar claim by oral motion prior to arraignment. The trial court had denied that motion.
In case number 91-532, the indictment read "Heywood Nye a/k/a Charles." In case number 91-533, the indictment read "Heywood Nye a/k/a Charles Faulkner." Finally, in case number 91-979, the indictment read "Heyward Williams." In each indictment, the name that the appellant was charged under was followed by the language, "whose name is otherwise unknown to the Grand Jury other than as stated."
We find that the trial court properly denied the appellant's oral pretrial motion because each indictment, after stating the name by which the appellant was known to the law enforcement officer involved in the drug transaction, used the language above. "The indictment must be certain as to the person charged; but when his name is unknown to the grand jury, it may be so alleged without further identification." § 15-8-28, Code of Alabama 1975.
Moreover, the appellant's written motion had no merit because the state had produced evidence at trial that the appellant was known by all the names listed in the indictments. The state was certainly entitled to prove that the appellant conducted drug transactions using several aliases.
 II
Next, the appellant contends that the trial court erred when it granted the state's motion to consolidate the offenses before giving him an opportunity to be heard. The appellant also argues that he was prejudiced when, on the day of his trial, the trial court *Page 1385 
gave him an opportunity to object to the original order of consolidation and in fact set aside the original order, but, nevertheless, reconsolidated three of the five charges that had been filed against him. The trial court dismissed one of the five charges and continued another.
The consolidation of offenses is specifically addressed in Rule 13.3(c), A.R.Crim.P. That rule states:
 "If offenses or defendants are charged in separate indictments, informations, or complaints, the court on its own initiative or on motion of either party may order that the charges be tried together or that the defendants be joined for the purposes of trial if the offenses or the defendants, as the case may be, could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially were under a single indictment, information, or complaint. However, the court shall not order that the offenses or the defendants, as the case may be, be tried together without first providing the defendant or defendants and the prosecutor an opportunity to be heard."
(Emphasis added.)
Here, the state filed its motion to consolidate the five offenses referred to above on March 18, 1992, approximately eight months before trial. The case action summary sheet reflects that the trial court ordered consolidation 12 days later as follows: "Defendant not opposing motion to consolidate, the same is hereby granted." On November 17, 1992, the appellant filed a motion in limine, claiming that he had not had the opportunity to be heard on the state's motion to consolidate. The appellant acknowledged that he had received notice of the state's motion and the trial court's order but nevertheless argued that he was entitled to a hearing on the matter. At that time, the trial court agreed to hear the appellant's objection, and in fact agreed to set aside the consolidation order. Following the hearing, the trial court dismissed one of the five charges and continued another. However, he ordered the consolidation of the three charges in the present case.
"This court has held that the 'opportunity to be heard' includes notice and the opportunity to object, but does not necessarily require an adversarial hearing or oral argument."Goodman v. State, 611 So.2d 446, 448 (Ala.Cr.App. 1992). "We consider the phrase 'opportunity to be heard' as synonymous with the phrase 'opportunity to object,' which, of necessity, requires notice that the consolidation has been requested."Sharpe v. State, 560 So.2d 1107, 1111 (Ala.Cr.App. 1989).
The appellant had ample time in which to object to the state's motion to consolidate but failed to do so until the day of his trial. Rule 13.3(c) requires only that the trial court give a party notice of a motion to consolidate and an opportunity to object to it. It does not require that the trial court extend that opportunity to the very day of trial. Although the trial court in this case allowed the appellant to voice his objections in an adversarial hearing on the day of his trial, it was certainly not obligated to do so. Thus, we find no merit to the appellant's contention.
 III
Last, the state has filed a motion to remand in this Court, asking that this case be remanded to the Circuit Court of Baldwin County so that the appellant can be correctly sentenced. The state first contends that the trial court erred in failing to sentence the appellant under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. Second, the state argues that the trial court erred when it ordered that his enhanced terms under §§ 13A-12-250 and 13A-12-270, Code of Alabama 1975, were to be served concurrently with the sentence given in each case in which they were applied.
The trial court sentenced the appellant to 10 years' imprisonment plus 2 concurrent 5-year terms under the school-yard and housing project enhancement statutes in case number 91-532; 12 years' imprisonment plus 2 concurrent 5-year terms under the school-yard and housing project enhancement statutes in case number 91-533; and 1 year's imprisonment concurrent with the sentences above in case number 91-979. *Page 1386 
 A
The state sought to enhance the appellant's sentence under the Habitual Felony Offender Act by introducing evidence that the appellant had five prior felony convictions in Georgia. The convictions were based on the appellant's guilty pleas. The state introduced certified copies of the five convictions during the sentencing hearing. The appellant admitted during his testimony at trial that he had been convicted of five drug-related felony offenses. Nevertheless, the trial court declined to use the five felony convictions to enhance the appellant's sentence because it did not believe that the state's documents sufficiently proved that the appellant had waived representation by counsel when he pleaded guilty to the five charges. We believe, however, that the record clearly shows that the appellant made a knowing and intelligent waiver of counsel prior to entering his guilty pleas because the appellant stated during his testimony at trial that he did. The appellant's admission is found in the record as follows:
 "Q [Prosecutor] When you got in trouble in 1985, you were charged with selling marijuana?
"A [Witness] Yes, sir.
 "Q. Okay. And you mentioned, in answer to one of Mr. Bear's questions, that you didn't have an attorney at the time?
"A. No, sir.
"Q. But you had waived —
"A. Yes, sir, I waived it.
"Q. It was explained to you at that time?
"A. That's right.
"Q. That you had the right to an attorney?
"A. Yes, sir.
"Q. Right?
"A. That's right.
 "Q. And you didn't have to self-incriminate yourself?
"A. No, sir.
"Q. You could confront your witnesses?
"A. Yes, sir.
"Q. Had a right to a jury trial?
"A. That's right.
 "Q. All those different things, and you waived that, didn't you?
"A. Yes, sir, that's right.
 "Q. And in case number 85-444, 445, 446 and 448, after having waived an attorney, you, on your own behalf, pled guilty to selling marijuana, didn't you?
"A. Yes, sir."
We have held that a defendant's admission at trial is a proper method of proving a prior conviction under the Habitual Felony Offender Act. Perry v. State, 568 So.2d 873
(Ala.Cr.App. 1990). In addition, we have stated that such an admission relieves the state of having to prove that a defendant was represented by counsel at the time of his conviction. Murphy v. State, 474 So.2d 771 (Ala.Cr.App. 1985). Thus, based on the record, the trial court should have enhanced the appellant's sentence under the Habitual Felony Offender Act. "Application of the Habitual Felony Offender Act is mandatory where the convicted felon is a repeat offender."Thornton v. State, 570 So.2d 762, 774 (Ala.Cr.App. 1990).
 B
We also find that the trial court's sentence under the provisions of §§ 13A-12-250 and 13A-12-270 did not conform with the law because those enhanced sentences were ordered to be served concurrently in the two cases in which the enhancement penalties applied. Section 13A-12-250 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
(Emphasis added.) Section 13A-12-270 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a *Page 1387 
controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was within a three-mile radius of a public housing project owned by a housing authority."
(Emphasis added.)
We have held before that the clear legislative intent behind the language emphasized above is that the five-year enhancement penalties are to be added to any other penalty imposed by the trial court in a particular case. The penalties under §§13A-12-250 and 13A-12-270 are not to run concurrently in an individual case. Scott v. State, 627 So.2d 1131
(Ala.Cr.App. 1993). Because the appellant was not sentenced properly under §§ 13A-12-250 and 13A-12-270, this cause must be remanded. The two separate five-year terms imposed as a result of these provisions may not be served concurrently in an individual case.
In addition, this cause is also remanded for resentencing under the Habitual Felony Offender Act as discussed above. Due return should be filed in this court no later than 30 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.