The appellant, Reginald D. Miller, was convicted of two counts of unlawful distribution of a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to two years for each count, and each sentence was enhanced an additional 10 years because the sales occurred within a three-mile radius of a school (see § 13A-12-250) and a public housing project (see § 13A-12-270). The enhancement portions of the sentences were ordered to be served consecutively. Thus, the appellant was sentenced to serve a total of 22 years in the state penitentiary.
The state's evidence tended to show that on March 22, 1994, and on April 7, 1994, the appellant was involved in drug transactions with undercover police in the Gadsden area. Officer L.C. Gill of the Marshall County drug unit, working undercover with the Etowah County Sheriff's Department, testified that at approximately 11:00 p.m. on March 22, 1996, he and a confidential informant were in Gill's automobile when the informant's beeper sounded. Gill further testified that the informant told him that he had to make a telephone call, and Gill said that he stopped at a pay telephone. After returning to the automobile, the informant told Gill to drive to a certain area. Gill testified that when they reached the area, they waited until three *Page 1283 
persons arrived in a truck, and then they followed the truck to a nearby house. When they arrived at the house, one of the occupants of the truck approached their car. He testified that the informant addressed the person who approached the car as "Cartoon," whom Gill identified in court as the appellant. Gill said that he asked the appellant for $50 worth of crack, but the appellant said he had only $40 worth, which he produced from his mouth in the form of "rocks." Gill bought the two rocks and then delivered them for testing to Capt. Todd Entrekin of the Etowah County Sheriff's Department. Ron Hubbard of the Alabama Department of Forensic Sciences testified that the material Officer Gill had purchased from the appellant was cocaine-based.
Officer Chuck Vessels of the Limestone County Sheriff's Department and the Athens-Limestone drug task force, working undercover with the Etowah County Sheriff's Department, testified that on April 7, 1994, at approximately 8:00 p.m, he and a confidential informant were at the intersection of Ninth Street and Tuscaloosa Avenue in Gadsden. Vessels testified that the informant saw an individual who he said was known as "Cartoon" and whom Vessels identified at trial as the appellant. Vessels said that the informant hollered at the appellant, and the appellant approached their car. Vessels testified that he asked the appellant for "a twenty," and that the appellant gave him a $20 rock of cocaine. Vessels sealed the rock in an envelope and delivered it to Capt. Entrekin. Sondra Freeman, a biologist and chemist with the Alabama Department of Forensic Sciences, testified that the material was cocaine-based.
 I
The appellant contends that the trial court erred by denying his motion for a directed verdict because, he says, the evidence was not sufficient to sustain the guilty verdict. Specifically, the appellant argues that the state did not present sufficient evidence to identify him as the person who sold the cocaine because during the out-of-court identification of the appellant two state's witnesses failed to observe a noticeable scar on the appellant's face. The appellant argues that because they failed to notice the scar, the officers could not have positively identified him as the person who sold them cocaine.
The United States Supreme Court in Neil v. Biggers,409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), set forth the following requirements that must be met before a witness may identify an accused in court. The Court stated that there must be
 "(1) the opportunity of the victim to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation."
409 U.S. at 199-200, 93 S.Ct. at 382, 34 L.Ed.2d at 411.
Although both drug transactions occurred at night, the officers had ample opportunity to view the appellant. In each instance the officer watched the appellant as he walked toward the vehicle and as he talked to him. Although the officers were unable to testify during trial as to what type of clothing the appellant was wearing during the buy, they had both made observations in their arrest reports as to the appellant's clothing, his hair, and his approximate size. Both officers in-court identification of the appellant as the person who sold them cocaine was made with certainty.
"It is fundamental that the issue of identification of a defendant by a witness is a question to be resolved by the jury where, as here, the evidence has met the legal test of admissibility." Ex parte Holton, 590 So.2d 918, 921 (Ala. 1991). The fact that the officers failed to notice the appellant's scar goes to the weight, rather than to the admissibility, of the evidence.
We conclude that the officers' in-court identifications of the appellant were reliable, based upon our application of the five factors outlined in Neil v. Biggers. Both officers positively identified the appellant. Therefore, the trial court did not err in denying the appellant's motion for a directed verdict. *Page 1284 
 II
The appellant further contends that the trial court erred in overruling his numerous hearsay objections to the testimony of two state witnesses regarding information received from confidential informants. Specifically, the appellant argues that the testimony elicited from Officer L.C. Gill and Officer Chuck Vessels that the appellant was known as "Cartoon" should not have been received into evidence because, he argues, it was hearsay. Both officers were correctly allowed to testify, over defense counsel's objection on the ground of hearsay, that the confidential informants they were using referred to the appellant as "Cartoon."
The testimony of the officers was not hearsay. Hearsay testimony has been defined in Adams v. State, 659 So.2d 224,226 (Ala.Cr.App. 1994), as follows:
 " 'Hearsay testimony consists of an out-of-court statement offered to prove the truth of the matter asserted. Ex parte Bryars, 456 So.2d 1136, 1138
(Ala. 1984). However, the prohibition against hearsay testimony applies only to a statement offered to prove the truth of its contents. Tillis v. State, 469 So.2d 1367, 1370 (Ala.Cr.App. 1985). "A statement offered for some other purpose other than to prove the truth of the matter of its factual assertion is not hearsay." Thomas v. State, 408 So.2d 562, 564 (Ala.Cr.App. 1981).' "
Quoting, Brannon v. State, 549 So.2d 532, 539 (Ala.Cr.App. 1989). Because the above information was not offered to prove that the appellant was in fact known as "Cartoon," the information was not hearsay.
The appellant argues that pursuant to Rule 801(c), Ala.R.Evid., the officers' testimony should not have been received into evidence[1]. Rule 801(c) states:
 "(c) Hearsay. 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
In support of his argument, the appellant cites C. GambleMcElroy's Alabama Evidence, § 273.01(2) (5th ed. 1996), which states, in pertinent part:
 "Whether related in Court by the identifying witness or the observing witness, an identification statement is inadmissible hearsay when offered to prove the truth of the matter asserted — i.e., the identity of the person who committed the act being litigated. The Alabama Rules of Evidence reject the federal rule under which any prior identification is exempted from hearsay and admissible as substantive proof of the matter asserted so long as the identifying witness testifies at trial and is subject to cross-examination concerning the statement. It is only fair to acknowledge, however, that there is a line of pre-rules, Alabama Court of Criminal Appeals decisions which suggest that an identification statement is always admissible as nonhearsay if the identifying witness testifies and is subject to cross-examination regarding the statement. Such authority, however, was erroneous and, as a deviation from the course of traditional hearsay precedent, came ultimately to be corrected. Consequently, admission of an extrajudicial identification statement must circumvent a hearsay objection under either the theory that it is nonhearsay by definition or the rationale that it qualifies under a hearsay exception."
(Footnote omitted.)
The appellant makes a valid argument that under the Alabama Rules of Evidence, identity is not a per se exception to the hearsay rule. The advisory committee comments to Rule 801 state:
 "Subdivision 801(d)(1)(C). Identification Statement. This subdivision, found in the corresponding federal rule, has been omitted. This omission constitutes rejection of the federal principle that a prior identification statement, of a witness who is now testifying and subject to cross-examination, is definitionally nonhearsay and therefore admissible substantively to prove *Page 1285 
the truth of the matter asserted. . . . Alabama law will continue its refusal to recognize any such arbitrary exemption from the definition of hearsay. . . .
 "An identification statement may be admissible, over a hearsay objection, but this must be accomplished under some other theory. Alabama has long admitted identifications, for example, when offered to prove the act of identification rather than the truth of the matter asserted. . . . An identification statement could be admissible to show lack of credibility if an in-court identification is inconsistent with an out-of-court one. . . . If the prior identification was made under oath at a trial-like proceeding or in a deposition, and the identifying witness presently testifies and is subject to cross-examination, then nothing precludes the identification from being offered, under Rule 801(d)(1)(A), to prove the substantive truth of the matter asserted, if it is inconsistent with the witness's present testimony."
Here, what the confidential informant told each officer was not offered to prove the appellant's identity as the perpetrator of the crime.
In Sawyer v. State, 598 So.2d 1035 (Ala.Cr.App. 1992) cert. denied, 506 U.S. 943, 113 S.Ct. 386, 121 L.Ed.2d 295 (1992), this court stated:
 " 'A statement may be admissible where it is not offered to prove the truth of whatever facts might be stated, "but rather to establish the reason for action or conduct by the witness." ' Edwards v. State, 502 So.2d 846, 849 (Ala.Cr.App. 1986) (quoting Tucker v. State, 474 So.2d 131, 132
(Ala.Cr.App. 1984), rev'd on other grounds, 474 So.2d 134 (1985)). The officers related information obtained from other sources to explain why they proceeded as they did. This was not hearsay. See, e.g., Brannon, 549 So.2d at 539; McCray v. State, 548 So.2d 573, 576 (Ala.Cr.App. 1988). See, also, Molina v. State, 533 So.2d 701, 714 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989); Tillis v. State, 469 So.2d 1367, 1370 (Ala.Cr.App. 1985)."
598 So.2d at 1038.
The officers' testimony in this case was received to show the reasons for the officers' actions and how their investigation focused on a suspect. Therefore, the trial court did not err by receiving the officers' testimony into evidence.
 III
The appellant also contends that the trial court committed reversible error in failing to charge the jury on identification. The record indicates that the trial judge did give a lengthy charge concerning the credibility of the witnesses. The court gave the following instruction:
 "If there weren't any conflicts or issues, there wouldn't be anything for you to decide, obviously. And lots of times in these cases the conflicts arise from testimony of witnesses, as to the believability of various witnesses when their testimony comes in conflict. All right. Now, how should you view conflicts in the testimony of witnesses when one says one thing and another one says something else? Well, the first general rule is you should attempt to have every witness that comes to this witness stand to speak the truth, if that's possible. If you think a particular witness has testified falsely about any material matter, then you, as a juror, have the prerogative of disregarding all or parts of that witness's testimony. In regard to witnesses, you should look at their demeanor, the way they appeared to you from the witness stand, whether you think a particular witness has testified frankly or evasively. In this regard, what I'm really telling you is to use your common sense, your knowledge of things, your experiences of life in viewing that, and determine the truth from those witnesses using those tools. So you don't cast those aside when you serve as a juror. You have got to use your common sense and your knowledge of things and determine what the truth is. Likewise, you made an oath that you recall that you would true verdicts render according to the evidence, and that means that you go *Page 1286 
by the law and you go by the evidence that has been presented and you cast aside any biases you may have personally or any sympathies you may have yourself. By the same token, you can't view the evidence and speculate and guess about the evidence. You are to base your verdict on the evidence and the law as it is presented to you."
". . . .
 "I have also, and I want to reiterate to you, that you have heard testimony in this case of the identification of the defendant, Mr. Miller, which was made outside of his presence. Now, this type of testimony normally is inadmissible. It is what we call 'hearsay.' I'm not going into all the rules of 'hearsay,' but the general rule of law on hearsay is that the law considers most hearsay unreliable and untrustworthy and . . ., therefore, inadmissible as to the truth of anything. I charge you that, in regard to that testimony which was hearsay, I allowed it for the limited purpose of allowing the State to offer testimony of identification of this defendant only. It is not to be considered by you as evidence of the truth of the matters in the alleged hearsay statements."
The appellant did not request a jury instruction on the issue of identification. The trial court thoroughly charged the jury on the credibility of the witnesses and the manner in which the jury was to treat the identification testimony. Jones v. State,450 So.2d 165, 169 (Ala.Cr.App. 1983), aff'd, 450 So.2d 171
(Ala. 1984) cert. denied, 469 U.S. 873, 105 S.Ct. 232,83 L.Ed.2d 160 (1984). We find no error here.
 IV
The appellant next contends that the trial court erred in receiving into evidence the testimony of Sondra Freeman of the Alabama Department of Forensic Sciences, and by subsequently receiving into evidence an exhibit containing the controlled substance she identified as containing cocaine. Specifically, the appellant argues that the state failed to produce sufficient evidence that the exhibit contained a controlled substance because, he argues, Freeman was not qualified as an expert. We disagree.
The record indicates that Freeman was a drug analyst for the Alabama Department of Forensic Sciences in Jacksonville. The record also indicated that she had eight years' experience in the field of drug testing and that she had testified in state and federal courts numerous times in relation to drug analyses. Freeman testified that she held a bachelor of science degree in medical technology and a master's degree in education with an emphasis in biology. The trial court did not err in finding that she was an expert in this area.
In her testimony, Freeman explained the drug testing process. She described how she performed a drug analysis using the gas chromatograph spectrometer and the infrared spectrophotometer and also testified that the forensic sciences community has found the results of these testing devices to be accurate. "The weight to be given the testimony of the expert is a question for the jury." Magwood v. State, 494 So.2d 124, 145
(Ala.Cr.App.), aff'd, 494 So.2d 154 (Ala. 1986) cert. denied,479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986). It is for the jury to decide whether the evidence is sufficient to establish beyond a reasonable doubt that the substance tested was in fact a mixture containing cocaine.
Based upon Freeman's testimony in support of her drug testing and the lack of any evidence to show that she was not qualified and that the methods used to test the drugs were unreliable, we find no error in receiving the controlled substance into evidence.
 V
The appellant lastly contends that the trial court erroneously fixed the enhanced portions of the sentences to run consecutively and not concurrently. Defense counsel failed to file a motion for a new trial or a motion for reconsideration of sentence, or to object during the resentencing of the appellant. This issue, therefore, was not preserved for review.Ex parte Yeung, 489 So.2d 1106, 1110 (Ala. 1986). *Page 1287 
The appellant argues that the trial judge misconstrued this Court's ruling in Nye v. State, 639 So.2d 1383 (Ala.Cr.App. 1993). The Nye court held that the legislative intent of the enhancement statutes is that the five-year enhancement penalties are to be added to any other penalty imposed by the trial court in a particular case. "The penalties under §§13A-12-250 and 13A-12-270 are not to run concurrently in an individual case." 639 So.2d at 1387.
Here, the appellant was sentenced to 22 years' imprisonment. He was sentenced to two years' imprisonment on each count and those sentences were to run concurrently. Each sentence was then enhanced an additional 10 years pursuant to the school and housing project enhancement statutes. The additional 10 years' imprisonment on each count was to be served consecutively. The appellant's sentence comports with §§ 13A-12-250 and13A-12-270.
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
[1] The effective date of the Alabama Rules of Evidence was January 1, 1996. The appellant's trial occurred after that date.