McMILLAN, Presiding Judge.
Appellant James Lontel Culver pleaded guilty to unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The trial court sentenced him to three years’ imprisonment and imposed two five-year sentence enhancements, pursuant to the statutes mandating such enhancements when the sale occurs within three miles of a schoolyard and a housing project. See §§ 13A-12-250 and -270, Ala.Code 1975. The court ordered the sentence enhancements to run concurrently and ordered Culver to pay a $500 fine, a $750 crime victim compensation assessment, a $1,000 drug demand reduction fee, a $200 Alabama forensic fee, and a $50 Dothan Division forensic fee. The court denied Culver’s motion for a new trial and his motion to withdraw his guilty plea.
Culver’s appointed counsel has filed an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) brief, in which he states that, after reviewing the entire record, he has been unsuccessful in finding any error preserved for appeal. *1179 Culver has filed no points or issues for this court to consider, and a review of the record reveals no issue with regard to Culver’s conviction that warrants review on appeal. With regard to Culver’s sentence, the trial court erred in ordering the five-year schoolyard and housing project enhancements to be served concurrently. The clear legislative intent behind the language of §§ 13A-12-250 and -270 is that the five-year enhancement penalties are to be added to any other penalty imposed by the trial court and that the enhancement penalties are not to run concurrently in an individual case. Nye v. State, 639 So.2d 1383 (Ala.Crim.App.1993).
Because Culver was not properly sentenced, this cause must be remanded for the trial court to resentence him as previously discussed. A return should be filed with this court within 28 days after the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.