Martin Lee Jones and Solomon Bryant were indicted separately for theft in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury returned separate verdicts, each of which found the appellant guilty as charged. The trial judge sentenced appellant, Jones, to 22 years' imprisonment and appellant, Bryant, to life imprisonment in the penitentiary. Both appellants were sentenced as habitual offenders.
At approximately 3:45 p.m. on August 11, 1982, two black males and one black female entered "The Place" in Saraland, Alabama. The three subjects grabbed various articles of clothing, specifically jeans and slacks, and then ran out of the door. Mrs. Betty Simpson, the manager of the store, followed them out of the door. The three got into a four door 1971 Buick automobile with license plates 2A 34603 and then drove away. Mrs. Simpson then went back into the store, reported the theft and gave the police a description of the getaway automobile.
A short time later, the automobile was spotted traveling at a high rate of speed on I-65 by Officers Robert Matthews and Brady Bowen of the Chickasaw Police Department. The officers gave chase and eventually stopped the automobile in Pritchard. The officers identified appellant Bryant as the driver of the automobile and appellant Jones as one of the passengers. Once the automobile was stopped, appellant Bryant fled on foot and was apprehended later. The other four passengers were then taken into custody. The property taken from "The Place" that afternoon was found in the automobile and was valued at approximately $750.00.
At this time, the four passengers in the automobile were placed in the custody of the Saraland Police Department who escorted them back to "The Place". Mrs. Simpson identified appellant Jones and two of the other passengers as the persons who had entered her store that afternoon and left without paying for the clothes.
 I
Appellant Jones, citing United States v. Wade, 388 U.S. 218,87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v.California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178
(1967), contends his constitutional rights were violated because he was not represented by counsel at the time he was identified by Mrs. Simpson.
This appellant's contention is without merit. Wade andGilbert are not applicable to pre-indictment confrontations which was the case here. Kirby v. Illinois, 406 U.S. 682,92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).
Furthermore, this court has stated that there is no prohibition against a showup shortly after the crime at issue, and it is not per se violative of due process. Cooley v. State,439 So.2d 193 (Ala.Cr.App. 1983); Jackson v. State,414 So.2d 1014 (Ala.Cr.App. 1982). In fact, depending upon the particular circumstances in each case, a showup might be the best procedure to follow. Cooley, supra.
We believe such to be the case here. The subjects were returned to the scene a few hours after the theft occurred and were identified by Mrs. Simpson while the events were still fresh in her mind. The totality of the circumstances do not indicate the showup was in any way impermissibly suggestive.
Therefore, we find no error on this issue.
 II
Appellant Bryant alleges his motion for a directed verdict of acquittal should have been granted because the State failed to *Page 544 
prove that the extent of his participation in the theft was sufficient to support a conviction.
 "As this court stated in Watkins v. State, 357 So.2d 156, 159 (Ala.Cr.App. 1977), cert. denied, 357 So.2d 161 (1978):
 `Recognizing the principle that the mere presence of an individual at the time and place of a crime does not make him a party to that crime, it must also be remembered that the words `aid and abet' comprehend all assistance rendered by acts, words of encouragement or support, or presence, actual or constructive, to render assistance should it become necessary. No particular acts are necessary. Radke v. State, 292 Ala. 290, 293 So.2d 314 (1974). The common enterprise or adventure may have been entered into on the spur of the moment without prearrangement or preparation. Fuller v. State, 43 Ala. App. 632, 198 So.2d 625 (1966). The appellant's actual participation need not be proved by positive testimony; the jury is to determine whether it exists and the extent of it from the conduct of the parties and all the testimony adduced. Knight v. State, 50 Ala. App. 457, 280 So.2d 163 (1973).'"
Sanders v. State, 423 So.2d 348 (Ala.Cr.App. 1982).
Further, the jury may consider the accused's conduct before, during, or after the perpetration of the crime. Miller v.State, 405 So.2d 41 (Ala.Cr.App. 1981).
The getaway automobile was registered to the appellant's wife and which the appellant was given custody of earlier that afternoon by his wife. Shortly after the theft occurred, the appellant was seen driving this same automobile in spite of the attempts by the police to stop him. Once the automobile had been stopped, appellant Bryant fled the scene on foot. The automobile which he had been driving contained the stolen property.
The question as to whether appellant Bryant's participation in the crime was sufficient to sustain a conviction of theft in the second degree was a jury question which they properly resolved against him. Therefore, the appellant's motion for a directed verdict was properly denied.
 III
Appellant Bryant's contention that the imposition of the sentence of life imprisonment under the habitual offender act was disproportionate to the nature of the offense for which he was convicted so as to constitute cruel and unusual punishment, is without merit. We have considered the proportionality of the punishment as required by Solem, Warden v. Helm, 463 U.S. 277,103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and in light of appellant Bryant's prior record, we do not find a sentence of life imprisonment to be disproportionate. See also Jackson v.State, 440 So.2d 1181 (Ala.Cr.App. 1983).
 IV
On the morning of these two appellants' trial, another party was to be tried with them. However, after this co-defendant's attorney helped strike the jury and after it had been impaneled, the co-defendant pled guilty. The trial judge allowed this same jury to try these appellants and they claim this was error.
Neither attorney objected to this action, nor did they raise this issue in their motion for new trial. Therefore, this issue is not preserved for appellate review.
 V
Both of the appellants in this case argue the trial court erred in granting the State's motion to consolidate the trial of these two appellants because they were not given an opportunity to be heard on the matter.
Defense counsel did not receive notice of the State's motion to consolidate until after the hearing on the motion had taken place and the trial judge had ordered consolidation. For this reason, appellant Jones' attorney was not present at the hearing and appellant Bryant's attorney was present only because he happened to be in court at that time on another case. The appellants *Page 545 
claim the trial judge erred because he did not follow Rule 15.4 (b), Temporary Rules of Criminal Procedure, which states that the trial judge shall provide the defendants with an opportunity to be heard before ordering the consolidation.
On the day the trial began, defense counsel informed the trial judge that they had not received notice of the hearing on the motion to consolidate and filed a motion for severance.
At this point, the trial judge gave them an opportunity to be heard and then denied their motion for severance.
Therefore, we can find no basis for reversal on this issue.
The judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.