We granted the writ of certiorari to take a closer look at the petitioners' argument that the "trial court erred in consolidating the defendants' cases for trial in the absence of the defendant, Joey King." In support of their argument, the petitioners seize upon the last sentence found in Rule 15.4(b), Temporary Alabama Rules of Criminal Procedure. That rule provides as follows:
 "(b) Consolidation. If defendants are charged in separate indictments, informations, or complaints, the court, on its own initiative or on motion of any party, may, no later than seven (7) days prior to trial, order that the defendants be joined for the purposes of trial if the defendants could have been joined in a single indictment, information, or complaint. Proceedings thereafter shall be the same as if the prosecution initially had been under a single indictment, information, or complaint. However, the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard."
(Emphasis added.)
The record tends to show the following: In May 1986, the defendants were separately indicted for first degree robbery. Code 1975, § 13A-5-9. Following a guilty verdict and a judgment thereon, an appeal was filed with the Court of Criminal Appeals. On December 4, 1987, the Court of Criminal Appeals reversed, holding that a jury charge was defective. On April 1, 1988, this Court denied the State's petition for writ of certiorari.
On May 26, 1988, the State filed a motion to consolidate the defendants' cases on retrial. On July 1, 1988, a hearing was held on the State's motion. At that hearing, the defendants' lawyer made the following objection:
 "MR. SCALES: Yes, sir, Judge. I would object to the hearing on the State's motion to consolidate in this case based on the holding in Blackmon v. State, 487 So.2d 1022 [(Ala.Cr.App. 1986)], which I interpret as saying that the defendant has the right to be present and represented by counsel, and the defendant Joey King is in the penitentiary and not available for this hearing."[1]
The response was as follows:
 "THE COURT: I will state for the record that they were ordered back, but they were not returned back by the authorities for the purpose of the hearing. And since this is the last motion docket that the Court plans on having before the date of trial, that is why the matter has been set down for hearing today."
Subsequently thereto, the trial court granted the State's motion to consolidate. Both defendants were later convicted of first degree robbery and were sentenced to life imprisonment without parole under the Habitual Felony Offender Act. The Court of Criminal Appeals affirmed the convictions, without an opinion. 553 So.2d 140 (1989). *Page 930 
The dispositive issue is whether temporary Rule 15.4(b) requires that a defendant has the right to be present at a consolidation hearing, even in cases where that defendant is represented by counsel.
The petitioners insist that the Court of Criminal Appeals' affirmance of this case is contrary to this Court's opinion inEx parte Jones, 473 So.2d 545 (Ala. 1985), and its own opinion in Blackmon v. State, 487 So.2d 1022 (Ala.Cr.App. 1986). We disagree. Jones's lawyer was not given notice of the State'smotion to consolidate until after the hearing on the motion hadtaken place and the trial judge had ordered the consolidation.[2]
On the day of the trial, Jones's lawyer filed with the trial court a motion for severance based on the fact that neither he nor his client had received notice of the hearing on the motion to consolidate. At that time, the trial judge belatedly allowed Jones's lawyer the "opportunity to be heard." Subsequently thereto, the motion for severance was denied. The Court of Criminal Appeals affirmed the judgment of the trial court. SeeJones v. State, 473 So.2d 541 (Ala.Cr.App. 1984). This Court granted the defendants' petition for writ of certiorari and subsequently reversed their convictions. See Ex parte Jones,473 So.2d 545 (Ala. 1985). In Ex parte Jones, Justice Embry, speaking for a unanomous Court, explained the reasoning behind the reversal:
 "We cannot agree with the appellate court's statement that this rule was effectively complied with or, if not, any error arising from the failure to comply was harmless. The rule is mandatory when stating 'the court shall not order that the defendants be tried together without first
providing the defendants and the prosecutor an opportunity to be heard.' (Emphasis added [in Jones].) Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule.
 "As asserted by petitioners, they have a right to effective assistance of counsel at all critical stages of the proceedings against them. Amendment VI, Const. of U.S. Every lawyer experienced in representing persons charged with crimes knows it to be crucial to defense strategy and tactics that he is aware of whether his client is to be tried alone or with another.
 "We today hold that the purpose of Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it."
Id. at 546.
Subsequently, the Court of Criminal Appeals, in Blackmon v.State, 487 So.2d 1022 (Ala.Cr.App. 1986), dealt with an alleged noncompliance with Rule 15.4(b) thusly:
 "In the instant case, the record is silent as to whether the appellant and his attorney were afforded the opportunity to be heard on the issue of consolidation before the trial court's order that the appellant be tried with the other two defendants. Accordingly, we have no choice and do hereby remand this cause to the trial court with directions to make a finding of fact on the issue of whether the appellant, while represented by counsel, was given an opportunity to be heard on the issue of consolidation at some time before the motion to consolidate was granted, to make a record of such proceeding, and forward it to us."
(Emphasis added.)
This Court's opinion in Ex parte Jones and the Court of Criminal Appeals' opinion in Blackmon v. State, while sound, provide, at best, only a modicum of support for the petitioners' position. Admittedly, both cases stress strict compliance with Rule 15.4(b), A.R.Cr.P.Temp.; however, we believe that the facts and circumstances underlying the present controversy are readily distinguishable from the facts and circumstances found in Ex parte Jones and Blackmon v. State
and, thus, do not control this case. *Page 931 
In Ex parte Stout, 547 So.2d 901 (Ala. 1989), this Court answered, in the affirmative, the question whether a defendant has the constitutional right to be present at a pretrial suppression hearing at which sworn testimony of a prosecution witness is taken. In so holding, this Court distinguished two cases relied upon by the Court of Criminal Appeals in Stout v.State, 547 So.2d 894 (Ala.Cr.App. 1988), as follows:
 "The Court of Criminal Appeals, 547 So.2d 894, relying on Maund v. State, 361 So.2d 1144
(Ala.Crim.App. 1978), and Johnson v. State, 335 So.2d 663, 678 (Ala.Crim.App. 1976), cert. denied, 335 So.2d 678 (Ala. 1976), cert. denied, 429 U.S. 1026, 97 S.Ct. 649, 50 L.Ed.2d 629 (1976), held that the trial court did not err in conducting the suppression hearing in Stout's absence and that Stout did not have a right to be present at the pre-trial suppression hearing where the police procedure used to identify him was brought into question. . . .
 "In Maund, supra, the appellant was not present at a pre-trial hearing on a motion to disclose the State's evidence, and the Court held that hearings on pretrial motions 'are not viewed as a critical stage of trial, and the defendant does not have a right to be present.' Id. at 1148.
 "In Johnson, supra, the court concluded that the defendant did not have a right to be present during conferences of court and counsel on questions of law; and that the defendant did not have a right to be present at proceedings such as a hearing on a demurrer to the indictment or information, a motion for leave to file an information, a motion to summon witnesses, or a motion to amend the information.
 "Neither Maund nor Johnson addressed the issue of the defendant's presence at an evidentiary hearing such as that in the instant case, where two prosecution witnesses . . . gave sworn testimony concerning the pretrial identification of Stout. Maund and Johnson merely addressed the issue of the presence of the defendant at a hearing where arguments of law were heard and where no evidence was presented."
547 So.2d at 902-03. (Emphasis added.)
The linchpin of the Ex parte Stout decision is the principle that a defendant's right to be present and to confront adverse witnesses at an evidentiary hearing is constitutionally protected. Here, however, as was the case in Maund and Johnson,supra, the consolidation hearing necessitated only arguments of law. Hence, this Court's opinion in Ex parte Stout, supra, is inapplicable to the facts of this case.
In the instant case, both defendants were represented by the same lawyer at the consolidation hearing. A review of the record reveals that the lawyer fully appreciated the ramifications of consolidation and, in fact, did an admirable job in arguing the applicable law and asserting viable reasons why consolidation would not be in either of his clients' best interests. Hence, we are clear to the conclusion that the defendants, speaking through their lawyer, were afforded an "opportunity to be heard." In essence, if a defendant is represented by his lawyer at a consolidation hearing, the "opportunity to be heard" requirement set out in Rule 15.4(b) is satisfied. If, on the other hand, a defendant is proceeding pro se, Rule 15.4(b) would demand that defendant's presence at the consolidation hearing.
The judgment of the Court of Criminal Appeals is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX,
ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] No objection was made on behalf of John Wesley King, because he was out on bond and apparently had voluntarily chosen not to attend the hearing.
[2] The attorney for co-defendant Bryant was present for the hearing only because he happened to be in the courthouse at that time on another case. *Page 932