The appellant, Douglas Eugene Porter, was convicted of arson in the first degree, of attempted arson in the first degree, and of two counts of contributing to the delinquency of a minor. The appellant was found guilty and was sentenced 30 years' imprisonment on the arson conviction, 15 years' imprisonment on the attempted arson conviction, and 12 months' imprisonment on each count of contributing to the delinquency of a minor, all sentences to run concurrently.
Officer Fred Middleton of the Montgomery Police Department, testified that on the evening of January 16, 1993, he saw a fire in front of a duplex that housed the district office of city council member Mark Gilmore. The officer extinguished the fire and gathered evidence, including a broken jar containing a petroleum-like liquid residue and a rag. A window to the office had been broken and a liquid substance was found around the window and inside the office.
Two nights after this incident, Charles Austin, a neighbor living near the duplex, testified that he saw smoke coming from the office and called the Montgomery Fire Department. The firefighters arrived and found that the building was on fire. They awakened and evacuated Henderson Jones, the tenant in the adjoining apartment, and extinguished the fire. Their investigation yielded what they described as a Molotov cocktail. They also determined that this fire had been intentionally set.
Two minors testified that they had actually thrown the firebombs at Gilmore's office on these two occasions and that they did so at the instruction of the appellant. Both testified that they had been adjudicated delinquent in juvenile court and that the firebombing was done at the appellant's request because he believed that Gilmore was responsible for closing his business.
 I
The appellant argues that the evidence was insufficient to convict him of arson in the first degree. Specifically, he argues that he did not know, and that he could not reasonably have known, that the building set on fire was occupied at the time of the fire. The appellant was convicted on this count, under § 13A-7-41, Code of Alabama 1975, which states,
 "A person commits the crime of arson in the first degree if he intentionally damages a building by starting or maintaining a fire or causing an explosion, and when:
 "(1) Another person is present in such building at the time, and
 "(2) The actor knows that fact, or the circumstances are such as to render the presence of a person therein a reasonable possibility."
The facts relevant to this specific issue are as follows: Mark Gilmore owned a duplex in a residential area at 829 Hill Street in Montgomery. One-half of the duplex served as his council district office and the other half was rented to Henderson Jones, an elderly man who had lived in the duplex for approximately 20 years. The appellant planned the firebombing and directed two minors to carry out his plan by firebombing Mr. Gilmore's office on the two occasions, and at both times Mr. Jones was asleep in the adjoining unit. The appellant asserts that he did not know the adjoining unit was occupied and that circumstances did not render the presence of a person in that unit a reasonable possibility. One of the minors testified that the appellant knew that Mr. Gilmore's office was part of a duplex. The evidence cited above tended to show that the presence of a person in this building was a reasonable possibility. In any event, conflicting evidence, in an arson case, presented a question of fact for the fact-finder.Hughes v. State, 412 So.2d 296 (Ala.Crim.App. 1982). *Page 65 
 II
The appellant argues that the testimony of the minors who, he argues, were accomplices, was not sufficiently corroborated to sustain a conviction of arson in the first degree.
 "A conviction for a felony cannot be had on the testimony of an accomplice unless the testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense. Code of Alabama 1975, § 12-21-222. The test for determining the sufficiency of the corroboration is a subtraction process. First, the testimony of the accomplice must be eliminated, and then if, upon examination of all the other evidence, there is sufficient evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration. Ex parte Bell, 475 So.2d 609 (Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985); Steele v. State, 512 So.2d 142 (Ala.Cr.App. 1987); McCoy v. State, 397 So.2d 577 (Ala.Cr.App.), cert. denied, 397 So.2d 589 (1981)."
Carden v. State, 612 So.2d 509, 513 (Ala.Crim.App. 1992).
Kimberly Porter, the appellant's daughter, testified that she saw the appellant, her stepmother, and the two minors, making "bombs" in the appellant's bedroom and that these "bombs" consisted of bottles containing gasoline with a shoestring acting as a wick and extending from the top of the bottle. Kimberly also testified that she saw these four individuals leave the house late at night with the bottles and return at approximately 2:00 A.M. without the bottles. This happened before she heard about the fire at Mr. Gilmore's office.
Mark Gilmore testified that he successfully revoked the appellant's business license and closed the appellant's convenience store after he received many complaints and petitions from the surrounding community. Mr. Gilmore further testified that the appellant began harassing and threatening him after this action.
After eliminating the testimony of the accomplices, we conclude that the evidence, while perhaps not strong enough to sustain a conviction, tended to connect the appellant with the commission of the crime. "Corroborative evidence need not be strong, and need not be sufficient in and of itself to support a conviction; it need not directly connect the accused with the crime, but only tend to do so. Andrews v. State, 370 So.2d 320
(Ala.Cr.App.), cert. denied, 370 So.2d 323 (1979)." Goodwin v.State, 644 So.2d 1269, 1275 (Ala.Crim.App. 1993). "Circumstantial evidence is sufficient to show such corroboration. Hodges v. State, 500 So.2d 1273 (Ala.Cr.App. 1986)." Goodwin v. State. The accomplices' testimony was sufficiently corroborated by other evidence to support the appellant's conviction.
 III
The appellant argues that the trial court erred in denying his motion for a new trial based on alleged prosecutorial misconduct and on egregious errors he says were committed during trial. The appellant cites three instances during trial as support for this argument.
The appellant asserts that he was prejudiced because the State presented certain evidence on the day of the trial which he alleges was not made available to him before trial. The trial court allowed the appellant time to review the evidence after which the appellant stated that he was satisfied and ready for trial. This issue is therefore procedurally barred.
The appellant claims that the State committed prosecutorial misconduct in allegedly coaching a witness on the stand. The record is not clear that the witness was coached. In any event, the appellant objected but never got a ruling from the trial court. " ' "In the absence of a ruling, a request for a ruling or objection to the court's failure to rule, there is nothing preserved for appellate review." ' Johnson v. State,542 So.2d 341, 345 (Ala.Cr.App. 1989) (quoting Moore v. State,457 So.2d 981, 988 (Ala.Cr.App. 1984), cert. denied, 470 U.S. 1053,105 S.Ct. 1757, 84 L.Ed.2d 820 (1985))." Breckenridge v. State,628 So.2d 1012, 1018 (Ala.Crim.App. 1993). This issue is therefore procedurally barred. *Page 66 
The appellant alleges prosecutorial misconduct because, he says, his prosecution was politically motivated. The appellant's brief claims that this was evident at the sentencing proceedings through the testimony of attorney Robert Turner, who spoke on behalf of the appellant. The appellant did not raise this issue at trial by objection or motion. This issue is therefore procedurally barred. It is also without any basis in fact.
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.