ON APPLICATION FOR REHEARING
This court's opinion of July 29, 1994, is hereby withdrawn and the following opinion substituted therefor.
The appellant, Bobby Lee Bates, was convicted of two counts of assault in the first degree, a violation of § 13A-6-20, Code of Alabama.[1] He was sentenced to 20 years' incarceration on each count, those sentences to be served consecutively.
The state's evidence tended to show that on February 20, 1993, during Mardi Gras festivities in Mobile an encounter occurred between Bates, his girlfriend, Marcus Russell, and JaMarcus Maddox, who was accompanied by other young men.
Mr. Jerome Traywick, an eyewitness to the events, testified that he saw Maddox touch the shoulder of a girl walking with the appellant, twice. The first time Maddox touched the girl, Bates continued to walk, but the second time, Bates turned around and asked Maddox, "What's up?" Mr. Traywick testified that Bates then turned around and pulled out a gun and started shooting. Mr. Traywick heard three shots and saw that Russell had been shot in the leg and that Maddox had been shot in the buttocks.
Maddox testified that at the time of the incident he did not know either the appellant or the girl. He said that he was standing near a concession stand when one of his friends began to argue with the girl. He said that he got involved in the dispute and that he called the girl a "bitch" twice and told her that she did not look good. According to Maddox, Bates told him not to call his girlfriend a bitch and they got into a shoving match. Maddox said that Bates then pulled a gun and shot him while he was running.
Officer Douglas Huntley of the intelligence division of the Mobile Police Department and three other officers, who were in the area when the incident occurred, also heard gunshots and noticed that Russell had been shot in the leg. The officers saw that Russell's gaze was fixed on Bates and Huntley began to pursue Bates who was running on Government Street. Another officer also began to pursue Bates as he turned onto Warren Street.
Officer Huntley shouted, "Stop, police" several times. Huntley finally caught Bates, grabbed his arm, and shouted "Stop, police." Bates pulled away, saying that he had not done anything. Huntley grabbed Bates again and told him to show his hands and get down on the ground and told him that he did not have anything to worry about if he did not do anything.
Officer Darryl Williams testified that he arrived and grabbed Bates's shoulders and tried to throw him down on the ground. Bates ducked and spun around, landing against Williams' car. Bates then shot Officer Williams and Officer Huntley and began to run down Warren Street. Another officer witnessed both shootings and pursued Bates, yelling "Police." Bates continued to run.
Several uniformed police officers set up a barricade. As the appellant approached the barricade, an officer yelled, "Police officer, drop the dam gun or I will shoot." Bates darted between two cars and then threw down his weapon.
 I
The appellant contends that he was denied effective assistance of counsel because, he says, his counsel had a conflict of interest in that he was representing one of the victims in the case.
At trial, the state moved to hold a hearing to determine whether an actual conflict of interest existed. The record shows the following conversation:
"THE COURT: You are Bobby Bates?
"THE DEFENDANT: Yes.
 "THE COURT: Do you know that Mr. Deen [defense counsel] represents somebody called JaMarcus (phonetic) Demetrius Maddox?
"THE DEFENDANT: Yes, sir. *Page 203 
 "THE COURT: And knowing that, do you have any problem with him representing you in the case?
"THE DEFENDANT: No, sir.
". . . .
 "THE COURT: He can't waive his rights to effective assistance of counsel. He can waive any problems arising out of the alleged conflict, which is what he just did.
 "MR. JORDAN [prosecutor]: Okay. As long as it is clear on the record that he is waiving any conflict that may exist between his counsel representing him, we have no problem with that.
 "THE COURT: Is that the situation, Mr. Deen? Is that what your client just did?
"MR. DEEN: Yes, sir.
 "THE COURT: Thank you. I will see you Friday morning."
On appeal, Bates takes a position inconsistent with his position at trial. Bates is claiming for the first time that he was denied effective assistance of counsel because of a conflict of interest. It is clear from the record that the appellant waived any conflict of interest which might arise. "A party cannot assume inconsistent positions at trial and on appeal." Fountain v. State, 586 So.2d 277, 282
(Ala.Cr.App. 1991); Leverett v. State, 462 So.2d 972, 979-980
(Ala.Cr.App. 1984), cert. denied, 462 So.2d 972 (Ala. 1985).
 II
The appellant also contends that the trial court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the state failed to prove a prima facie case of the charged offense.
Whenever there is a question relating to the sufficiency of evidence, the evidence must be reviewed in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). The state points out that Bates did not identify what element of the charged offense was not proven.
Bates, however, contends that the testimony was conflicting. Conflicting evidence presents a question for the jury and is not subject to review on appeal, provided the state's evidence establishes a prima facie case. Cooper v. State, 611 So.2d 460
(Ala.Cr.App. 1992); Jackson v. State, 516 So.2d 726
(Ala.Cr.App. 1985).
Several witnesses testified that they saw the appellant with a gun, saw the appellant shoot the police officers, and saw the appellant fleeing. This evidence was presented to the jury, who returned verdicts of guilty of assault in the first degree.
When the evidence raises questions of fact for the jury and such evidence, if believed, is sufficient to sustain a conviction, the denial of a motion for a judgment of acquittal by the trial court is not error. Young v. State, 283 Ala. 676,220 So.2d 843 (1969).
 III
The appellant further contends that the trial court erred in denying certain of his requested instructions to the jury. Specifically, he contends that the court gave no instruction on media coverage and that the instructions on the lesser included offenses were misleading.
The appellant's objections concerning these requested jury instructions were not made until after the jury had retired for deliberations. The burden is on the defendant to timely advise the judge of his objections to the jury charge, stating his grounds, before the jury retires for deliberation. Rule 21.2, Ala.R.Crim.P.; Goins v. State, 521 So.2d 97 (Ala.Cr.App. 1987);Nichols v. State, 500 So.2d 92 (Ala.Cr.App. 1986). Matters that are not timely objected to at the trial level cannot be considered for the first time on appeal. Cox v. State,500 So.2d 1296 (Ala.Cr.App. 1986).
 IV
The appellant's final contention on appeal is that the trial court erred in denying his motion for a mistrial when the jury could not reach a verdict. Specifically, he argues that the court coerced the jury by giving it *Page 204 
an Allen[2] charge.
The record shows that the jury began deliberations at 2:25 p.m., and that the trial was recessed at 5:35 p.m. that same day. Deliberations resumed the following day at 9:00 a.m., and at 11:00 a.m. the jury returned a partial verdict. The jury found the appellant not guilty of two counts and stated that it was "hung" as to the other two counts.
The jury was encouraged by the trial court to resume deliberations in an effort to reach a verdict. The court gave the following instructions to the jury:
 "All right I will accept your two not guilty verdicts. And as I say, I understand this is a difficult matter for you to deal with, and I'm not sure that given the time of trial involved that we ought to wash all that out right now. You've got to be back here tomorrow anyway, but what I'm going to do is let you come back here on this case in the morning after another afternoon of thinking about it and make some further effort in that regard.
 Let me ask you — I thank very much for your service today, but you're not quite through yet. I'm going to ask you to come back here at 9:00 in the morning and resume your deliberations at that time.
 If you will please leave those forms with Ms. Brown here.
 I know you've been working hard on the case, I respect that and accept that. But as I say, it's just to important a matter just to wash out this quickly.
 So with all that in mind, I'll see you at 9:00 in the morning."
This court in Brannon v. State, 549 So.2d 532
(Ala.Cr.App. 1989) stated:
 "The term 'dynamite charges' has often been used interchangeably with the expression 'Allen charge,' which is derived from Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). In Allen, the Supreme Court set forth the standards that govern the question whether a trial court's instructions encouraging a jury to arrive at a unanimous verdict exceeded the bounds of permissible instructions by coercing the jury into reaching a unanimous verdict which the jury would probably not have rendered but for such coercion."
549 So.2d at 542, quoting, Franklin v. State, 502 So.2d 821,827 (Ala.Cr.App. 1986), writ quashed, 502 So.2d 828 (Ala. 1987). The Allen court held that a trial judge may make certain comments and give certain instructions urging the jury to continue deliberating and reach a verdict. Allen,164 U.S. at 493, 17 S.Ct. at 155, 41 L.Ed. at 529.
Furthermore, "the general rule in Alabama has been that it is not improper for the trial court to urge upon the jury the duty of attempting to reach an agreement or verdict as long as the judge does not suggest which way the verdict should be returned." McMorris v. State, 394 So.2d 404 (Ala.Cr.App.), cert. denied, 394 So.2d 404 (Ala.), cert. denied, 452 U.S. 972,101 S.Ct. 3127, 69 L.Ed.2d 983 (1981). An "Allen Charge" or "Dynamite Charge" is permissible if it is not coercive. King v.State, 574 So.2d 921 (Ala.Cr.App. 1990); Franklin, supra.
The instruction that the court gave to the jury in this case is not a dynamite charge at all. It is in no way coercive or threatening and is not violative of Allen. The preferable instruction for a "hung jury" is set forth in Alabama PatternJury Instructions — Criminal, Instruction I.8, Hung Jury:
 "Members of the jury, I am sorry to hear that you are unable to reach a verdict. The Court cannot release you at this time. You should make further efforts to arrive at a verdict. Each juror is entitled to his or her opinion of the evidence, but I know you do not wish to put the State to the expense of another trial if it can be avoided. If you cannot agree a mistrial would be declared and this case would have to be tried again. There is no reason to believe that another jury would have better or clearer evidence than has been presented to you.
 This does not mean that you should surrender an honest conviction as to the weight or the effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a *Page 205 
decision. But you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If possible, you should resolve any differences and come to a common conclusion so that the case may be completed.
 I would be happy to give you an explanatory charge on the law.
 It is natural that differences of opinion will arise. When they do, each juror should not only express his opinion but the facts and reasons upon which he bases that opinion. By reasoning the matter out, it may be possible for all jurors to agree. What I have said to you must not be taken as an attempt on the part of the Court to require or force you to surrender your honest and reasonable convictions founded upon the law and the evidence in this case. My sole purpose is to impress upon you your duty and the desirability and importance of reaching a verdict if you can conscientiously do so.
You may retire and continue your deliberations."
We conclude that the trial court's charge was not at all threatening nor coercive; and therefore, no error occurred.
For the foregoing reasons, the judgment is due to be affirmed.
ORIGINAL OPINION WITHDRAWN;
OPINION SUBSTITUTED;
APPLICATIONS FOR REHEARING OVERRULED;
RULE 39(k) MOTIONS DENIED;
AFFIRMED.
All the Judges concur.
[1] The appellant was charged with four counts of attempted murder. He was convicted of two counts of the lesser included offense of assault, and acquitted of the other two charges.
[2] Allen v. United States, 164 U.S. 492, 17 S.Ct. 154,41 L.Ed. 528 (1896).