McMILLAN, Judge.
The appellants, Terrance Robinson and Corey L. Nunley, were convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. They were each sentenced’ to life imprisonment.
I
Robinson argues that the trial court abused its discretion in denying his objection to the consolidation of his trial with that of one of his codefendants, Corey Nun-ley. Specifically, he argues that the trial court did not consider whether he was prejudiced by the joinder. He argues that the jury instructions prejudiced him because, he says, the jury was never instructed “to individualize each defendant in his relation to the mass” or “to compartmentalize the evidence as it relates to separate defendants.” Lastly, he argues that he was prejudiced because, he says, he was found guilty based solely on the actions of his codefendant.
“To show that a court erred in granting a motion to consolidate, a defendant must establish ‘that [she] was unable to obtain a fair trial without a severance and that [she] suffered compelling prejudice that the trial court could not prevent.’ Maul v. State, 598 So.2d 18, 21 (Ala.Cr.App.1992).
“ ‘The test of whether severance should be granted on the basis of prejudice to the defendant is “whether under all the circumstances as a practical matter it is within the capacity of the jurors to follow the court’s instructions and to collate and appraise the independent evidence against each defendant solely upon that defendant’s own acts.” Holsemback v. State, [443 So.2d 1371,1377 (Ala.Cr.App.1983) ].’
“Mitchell v. State, 530 So.2d 908, 910 (Ala.Cr.App.1988).”
Franklin v. State, 629 So.2d 759 (Ala.Cr.App.1993).
*524 Initially, we note that Robinson did not file a motion for severance. Rule 13.4, Ala.R.Cr.P. Additionally, the record reveals that he has failed to prove any compelling prejudice suffered as a result of the consolidation. The trial court instructed the jury that it should consider the evidence against each appellant independently. Moreover, the appellant’s trial counsel announced that he was “satisfied” with the court’s instruction and thereby failed to preserve for appellate review any error regarding the aforementioned requested instructions. Bates v. State, 659 So.2d 201 (Ala.Cr.App.1994); Underwood v. State, 646 So.2d 692 (Ala.Cr.App.1993).
Additionally, the appellant’s argument that he was prejudiced because he was found guilty based on the actions of his code-fendant is without merit. The evidence here was not so complicated as to affect the jury’s ability to appraise the evidence as it related to each appellant. In fact, the actions of the appellant and his codefendant during the commission of the attempted robbery and subsequent murder were completely different. The evidence presented by the State tended to show that while the codefendant was an active participant in the crimes, Robinson aided and abetted in the crime by handing a gun to another codefendant, O’Neal Jackson, and stating that he would show them how a robbery was done. See Banks v. State, 647 So.2d 46 (Ala.Cr.App.1994); Porter v. State, 654 So.2d 63 (Ala.Cr.App.1994).
The trial court did not err in granting the State’s motion for consolidation.
II
Robinson argues that he was prejudiced by the consolidation of his trial with that of Nunley because, he argues, their defenses were antagonistic. In support of his argument, he states that, had his' trial not been consolidated with Nunley’s, he would have been allowed to use his own statement, which he had given to police to impeach the testimony of a third codefendant, O’Neal Jackson, who had previously pleaded guilty to murder.
There was no evidence indicating the existence of antagonistic defenses between Robinson and Nunley. Both individuals denied any participation in the murder. Both individuals, in their opening statements, stated that O’Neal Jackson had committed the murder. See Ex parte Washington, 562 So.2d 1304 (Ala.1990); Miller v. State, 518 So.2d 801, 808 (Ala.Cr.App.1987).
Robinson and Nunley presented witnesses who testified that they did not see the Robinson or Nunley participate in the crime. There were no antagonistic defenses.
Robinson’s argument that he was not allowed to introduce his own statement made to police for impeachment purposes of a third eodefendant was not preserved for appellate review. Whether Robinson could have introduced the statement is of no moment because he failed to offer it into evidence or to object to any limitation placed on its use as evidence. R.L.B. v. State, 647 So.2d 803 (Ala.Cr.App.1994); Turley v. State, 659 So.2d 191 (Ala.Cr.App.1994); Allison v. State, 645 So.2d 358, 360 (Ala.Cr.App.1994).
III
Robinson argues that he was denied a meaningful opportunity to be heard by the trial court at the hearing on the motion to consolidate. This issue, however, was not presented to the trial court at the hearing. Thus, it was not preserved for appellate review. Curry v. State, 601 So.2d 157 (Ala.Cr.App.1992).
IV
Nunley argues that the trial court erred in consolidating his trial with the trial of Terrance Robinson because, he says, he did not receive notice of the hearing for consolidation and was not given an opportunity to be heard.
The record indicates that the State filed a motion to consolidate on June 16, 1995. The certificate of service shows that the attorneys for both Nunley and Robinson were served with the motion. There is nothing, however, in the record indicating which attorney was present at the hearing. Nunley’s attorney objected to the motion to consolidate on June *525 16, 1995, stating as grounds that he did not receive notice of the hearing and that, therefore, he was denied an opportunity to be heard. The record is not clear regarding the time sequence of the filing of the motion for consolidation, the objection, and the hearing.
In Ex parte King, 564 So.2d 928 (Ala. 1990), the Alabama Supreme Court stated:
“The dispositive issue is whether temporary Rule 15.4(b) requires that a defendant has the right to be present at a consolidation hearing, even in eases where that defendant is represented by counsel.
“The petitioners insist that the Court of Criminal Appeals’ affirmance of this case is contrary to this Court’s opinion in Ex parte Jones, 473 So.2d 545 (Ala.1985), and its own opinion in Blackmon v. State, .487 So.2d 1022 (Ala.Cr.App.1986). We disagree. Jones’s lawyer was not given notice of the State’s motion to consolidate until after the hearing on the motion had taken place and the trial judge had ordered the consolidation.
“On the day of the trial, Jones’s lawyer filed with the trial court a motion for severance based on the fact that neither he nor his client had received notice of the hearing on the motion to consolidate. At that time, the trial judge belatedly allowed Jones’s lawyer the ‘opportunity to be heard.’ Subsequently thereto, the motion for severance was denied. The Court of Criminal Appeals affirmed the judgment of the trial court. See Jones v. State, 473 So.2d 541 (Ala.Cr.App.1984). This Court granted the defendant’s petition for writ of certiorari and subsequently reversed their convictions. See Ex parte Jones, 473 So.2d 545 (Ala.1985). In Ex parte Jones, Justice Embry, speaking for a unanimous Court, explained the reasoning behind the reversal:
“ “We cannot agree with the appellate court’s statement that this rule was effectively complied with or, if not, any error arising from the failure to comply was harmless. The rule is mandatory when stating “the court shall not order that the defendants be tried together without first providing the defendants and the prosecutor an opportunity to be heard.” (Emphasis added [in Jones ].) Affording an opportunity to move for severance after consolidation fails to cure the prejudicial error resulting from violation of the rule.
“ ‘As asserted by petitioners, they • have a right to effective assistance of counsel at all critical stages of the proceedings against them. Amendment VI, Const, of U.S. Every lawyer experienced in representing persons charged with crimes knows it to be crucial to defense strategy and tactics that he is aware of whether his client is to be tried alone or with another.
“ *We today hold that the purpose of Rule 15.4(b), Alabama Temporary Rules of Criminal Procedure, can only be served by strict compliance with it.’
“Id. at 546.
“Subsequently, the Court of Criminal Appeals, in Blackmon v. State, 487 So.2d 1022 (Ala.Cr.App.1986), dealt with an alleged noncompliance with Rule 15.4(b) thusly:
‘“In the instant case, the record is silent as to whether the appellant and his attorney were afforded the opportunity to be heard on the issue of consolidation before the trial court’s order that the appellant be tried with the other two defendants. Accordingly, we have no choice and do hereby remand this cause to the trial court with directions to make a finding of fact on the issue of whether the appellant, while represented by counsel, was given an opportunity to be heard on the issue of consolidation at some time before the motion to consolidate was granted, to make a record of such proceeding, and forward it to us.’
“(Emphasis added [in King ].)
“This Court’s opinion in Ex parte Jones and the Court of Criminal Appeals’ opinion in Blackmon v. State, while sound, provide, at best, only a modicum of support for the petitioner’s position. Admittedly, both cases stress strict compliance with Rule 15.4(b), A.R.Cr.P.Temp.; however, we believe that the facts and circumstances underlying the present controver *526 sy are readily distinguishable from the facts and circumstances found in Ex parte Jones and Blackmon v. State and, thus, do not control this case.”
564 So.2d at 930.
Under the circumstances of this case, this cause must be remanded to the trial court with instructions that a hearing be conducted to determine whether defense counsel received notice of the State’s motion to consolidate before the motion was granted and, if so, whether Nunley, through his counsel, was given an opportunity to be heard before the motion was granted. We encourage the trial judge and Nunley to place in the record any other relevant facts and circumstances surrounding this issue. The transcript of the evidentiary hearing, as well as the written findings of the trial judge, shall be forwarded to this court within 45 days from the date of this opinion. We pretermit any discussion of other allegations of error raised by Nunley until due return is made.
AFFIRMED AS TO ROBINSON; REMANDED WITH INSTRUCTIONS AS TO NUNLEY.
All judges concur.