*527
On Return to Remand

MeMILLAN, Judge.
The appellants, Terrance Robinson and Corey L. Nunley, were convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. They were each sentenced to life imprisonment.
Although this court affirmed Robinson’s conviction, we remanded this cause to the trial court with instructions that a hearing be conducted to determine whether Nunley’s counsel had been served with a copy of the State’s motion to consolidate before the motion was granted and, if so, whether Nunley, through counsel, was given an opportunity to be heard before the motion was granted. 686 So.2d 522 (Ala.Crim.App.1996).
The trial court, in compliance with those instructions, conducted an evidentiary hearing and issued the following findings of fact:
“The court finds that even though the defendant was not heard before the original motion to consolidate was granted, the motion to sever was treated as a motion to sever, as I said, at the time the motion to unconsolidate; they were given the opportunity to present anything that they wanted to present. The court was already aware of the facts of the case as to what the State planned to prove. There would have been no — the consolidation of the cases was proper, and even though the defendant wasn’t heard before the original motion was granted, he was given the opportunity to be heard to get his case severed before the trial of the case.
“The court finds his rights weren’t prejudiced in any way, and the court’s ruling stands.”
We hold that because Nunley was given an opportunity to be heard before trial on his motion to sever, he was not prejudiced by the granting of the motion to consolidate. We now turn our attention to the other allegation of error raised by Nunley.
Nunley argues that the trial court erred in denying his motion for a judgment of acquittal because, he says, the State faded to present sufficient evidence to corroborate the testimony of an accomplice, O’Neal Jackson, who had previously pleaded guilty to murder.
Jackson testified that he, Nunley, and other individuals were riding on the back of a truck when they first began discussing committing a robbery. He testified that he unsuccessfully attempted to rob the occupants of a yellow automobile and that during the attempt he fired four or five shots into the car. He testified that Terrance Robinson told him that he was going to show him how to commit a robbery and then left to get his gun. He testified that shortly thereafter he, Robinson, and Nunley attempted to rob the occupants of a 1986 Saab. He testified that he stood on the passenger’s side of the vehicle while Nunley stood behind him. He testified that he heard Robinson fire his pistol after which he fired his pistol seven times. He testified that he, Robinson and Nunley then ran.
In Leitner v. State, 672 So.2d 1371 (Ala.Cr.App.1995), this court restated the law concerning the corroboration of accomplice testimony as follows:
“The state must present other evidence tending to connect the appellant with the offense in order to allow consideration of the accomplice’s testimony. § 12-21-222, Code of Alabama 1975.
“First of all, “ ‘[t]he test used in determining the sufficiency of the evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the State, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt. This court will not substitute its judgment for that of the jury.’ In addition, we ‘must accept as true the evidence introduced by the prosecution’ and ‘must accord the prosecution all legitimate inferences from that evidence.’
[[Image here]]
“ ‘ “The test for determining the sufficiency of the corroborative evidence of - the testimony of an accomplice is through a ‘subtraction process.’ The test is generally stated:
“ ‘ “First, the evidence of the accomplice must be eliminated, and then, if upon examination of all other evidence, there is sufficient incriminating evidence tending to connect the defendant with *528 the commission of the offense, there is sufficient corroboration....”
[[Image here]]
“ ‘As further stated in Chevere v. State, 607 So.2d 361 (Ala.Cr.App.1992): “““Corroborative evidence need not refer to any statement of fact testified to by the accomplice. Neither must it be strong nor sufficient of itself to support a conviction. The probative value of the evidence need only legitimately tend to connect the accused with the crime and need not directly do; so. Further, corroborative evidence need not directly confirm any particular fact nor affirm each and every material fact testified to by the accomplice. Corroboration may be proven by circumstantial evidence alone.’ ” ■ (Citations omitted.)’
[[Image here]]
““““The entire conduct of the accused may be surveyed for corroborative circumstances and if from them his connection with the offense may be fairly inferred the requirement of the statute is satisfied.” ’ ” (Citations omitted.)’ ” ’ ”
An examination of the record reveals that, in addition to the testimony of the accomplice implicating the appellant in the murder, the State presented the testimony of Willie James Bethune, who was riding with the victim on the .night of the murder. Bethune testified that he and the victim, who was driving a 1986 Saab, were driving to Union Springs. He testified that they stopped at McGowen’s service station, and that while they were at the service station Terrance Robinson, O’Neal Jackson and Nunley walked up to the victim’s car. He testified that Robinson stood on the driver’s side of the car with his hand in his pocket. Bethune testified that O’Neal Jackson was standing on the passenger’s side of the vehicle and kept asking him if he wanted to buy drugs. He testified that when he replied that he did not want any drugs, Jackson became enraged and pulled a gun on him. Bethune testified that Nunley was standing directly behind Jackson. Bethune testified that he attempted to take the gun from Jackson, but that Jackson broke away and began shooting at the car. Bethune testified that he was retrieving his gun from beneath his seat when he sat up and saw Jackson walking toward the car with the gun pointed at the car. He testified that Jackson continued to shoot toward the car as Bethune rolled out of the car and fired shots at Jackson.
After applying the “subtraction process” enunciated in Leitner v. State, supra, to the facts of this case, the trial court correctly found that there was sufficient evidence, after subtracting the accomplice’s testimony, to connect Nunley with the murder. Therefore, the trial court did not err in denying the motion for a judgment of acquittal.
OPINION EXTENDED;
AFFIRMED.
All judges concur.