McMillan, judge.
The appellant, Corey L. Nunley, appeals from the summary denial of his Rule 32, Ala.R.Crim.P., petition. The appellant was found guilty of murder, see § 13A-6-2, Ala. Code 1975, and was sentenced to life imprisonment. This Court affirmed his conviction on August 23, 1996. Nunley v. State, 686 So.2d 522 (Ala.Cr.App.1996). He then filed a petition for certiorari review in the Alabama Supreme Court; that petition was denied on December 13, 1996. Acting pro se, he filed a Rule 32 petition making eight allegations of ineffectiveness of his trial counsel.
The circuit judge who denied the appellant’s petition was not the same judge who presided over his trial; he denied the petition pursuant to Rule 32.7(d), Ala.R.Crim.P., without holding an evidentiary hearing. The circuit judge listed Rules 32.6(b), 32.2(a)(3), and 32.2(a)(5), as grounds for dismissing the petition. According to Rule 32.6(b), the petition must contain a specific statement of the grounds upon which relief is sought and that statement must contain more than bare allegations. Rule 32.2(a)(3) precludes from review those issues that could have, but were not, raised during the trial. Rule 32.2(a)(5) precludes from review those issues that could have, but were not, raised on direct appeal.
The State concedes in its brief that the grounds stated by the circuit judge are not sufficient to support the dismissal of the appellant’s petition and further concedes that this case is due to be remanded to the circuit court for an evidentiary hearing. Initially, we note that Rule 32.6(b) is not applicable in this case. The appellant filed with his Rule 32 petition a “Memorandum of Law,” which details his allegations. The State concedes that at least some of the appellant’s allegations appear to be meritorious on their face. This Court has allowed a circuit court to dismiss a Rule 32 petition raising allegations meritorious on their face only in two circumstances: (1) when facts supporting each party’s position are fully set out in affidavits, and (2) when the judge ruling on the petition was also the judge who presided over the trial or other proceedings in which ineffectiveness of counsel is claimed, and that judge states that based upon his personal observations of the proceedings, counsel was not ineffective. Harper v. State, 676 So.2d 949, 950 (Ala.Cr.App.1995). Neither situation applies in this case.
*804 The appellant’s allegations are also not precluded by either Rule 32.2(a)(3) or Rule 32.2(a)(5). Because his allegations concern the ineffectiveness of his trial counsel, they could not have been raised at trial. Furthermore, because the same law firm represented the appellant on appeal, he was foreclosed from raising these issues on direct appeal.
Therefore, this cause is remanded to the circuit court for that court to hold an eviden-tiary hearing, allowing the appellant to present evidence in support of each of his claims. The circuit court is directed to make specific findings of fact and conclusions of law as to each material allegation raised by the appellant. A return should be filed with this Court within 45 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

McMillan, judge.
On May 8, 1998, we remanded this cause to the trial court with instructions to hold an evidentiary hearing and to decide the appellant’s Rule 32, Ala.R.Crim.P., petition' on the merits. In his petition, the appellant raised eight issues concerning ineffective assistance of counsel. We found that the trial court’s summary dismissal of these claims based upon Rules 32.6(b), 32.2(a)(3), and 32.2(a)(5), Ala.R.Crim.P., was improper because the appellant’s claims were meritorious on their face and because the appellant was represented by the same law firm at trial and on appeal.
The trial court, in compliance with this Court’s instructions, issued the following order:
“This matter having come to be heard pursuant to an order of the Court of Criminal Appeals, on a motion by the State for [an] evidentiary hearing and order of this Court setting the matter for hearing on June 5,1998.
“The Court finds that the petitioner filed a motion for appointed counsel which was not well taken by this Court, and the same was denied. The petitioner appeared in Court and testified to each of the issues raised in his Rule 32 petition concerning ineffective assistance of counsel as follows:
“(A) Counsel failed to challenge/strike the trial venire after petitioner’s [trial was] consolidated[d] with a codefend-ant[’s] trial; thereby causing petitioner to be denied an additional twelve (12) names for additional defendant;
“(B) Counsel failed to reserve for appellate review the issue whether the trial court err[ed] in instructing the jury on Section 13A-6-2(a)(3) ... where the indictment only specifically charges that defendant acted intentionally in causing the victim’s death, under subdivision (a)(1);
“(C) Counsel failed to suppress the in-court identification of witness, Willie James Bethune, rendering the identification process impermissibly suggestive and tainted;
“(D) Counsel rendered ineffective assistance when he entered into a stipu-lative [sic] agreement with the State [concerning] the cause of the victim’s death that Doctor Aqular [sic] would not have to testify;
“(E) Counsel failed to file proper motion and/or [to] carefully explain to the trial court his reasons [for] wanting to withdraw from petitioner’s ease;
“(F) Counsel failed to object to hearsay in reference to a .380 handgun of witness Gary F. Washington testimony at trial [sic];
“(G) Counsel failed to object to witness Willie James Bethune rendering a medical opinion in affirmation of the cause of death of the victim; witness stating that victim dies as the result of the gunshot wound, thus an act that petitioner [was] on trial for; [and]
“(H) Counsel failed to inform the petitioner of the discussion that took place at a bench conference, out of his presence, between prosecution and [his] attorney.
“The Court finds that the allegation contained in paragraph A’ is accurate and 12 additional jurors were not included in the *805 venire. The Court further finds from the testimony at the evidentiary hearing based on the testimony of Attorney Lynn Jinks that based on his experience in striking juries in Bullock County that he was satisfied with the strike list presented that day, and did not think that adding jurors would place the petitioner in any better position. The Court further finds that petitioner’s attorney has been striking juries for more than 15 years and made a judgment call based on the strike list and his knowledge of the jurors. The strike list contained thirty-six (36) names, of which three people were excluded, leaving thirty-three (33). The petitioner fails to show that he was prejudiced by a strike list of thirty-three (33).
“ ‘In order to prove that counsel was ineffective, petitioner in postconviction proceeding must show that his or her counsel’s conduct was deficient and that he or she was prejudiced by that conduct. Rules of Crim.Prdc., Rule 32.9(a); U.S.C.A. Const. Amend. 6. Humphrey v. State, 605 So.2d 848.’
“The Court finds in regard to the allegation contained in paragraph ‘B,’ concerning the jury charge based on Code of Alabama 1975 Section 13A-6-2(a)(3), that said jury charge was given as a lesser included charge of capital murder as charged in count one of the indictment and it was by agreement between the District Attorney, defense attorneys and approved by the trial Court. See exhibit 2, evidentiary hearing. The Court finds that the charge of felony murder was appropriate, reasonable and in the best interest of the petitioner.
“The Court finds that the allegations in paragraph ‘C’ concerning the in-court identification of the petitioner by Willie James Bethune was not an objection that would have been sustained and was not made by his attorney because his attorney did not believe that the identification would have been suppressed. This was a responsible judgment call by petitioner’s attorney.
“The Court finds that the allegation in paragraph ‘D’ is without merit and the cause-of-death testimony was from Dr. Allan D. Stilwell.
“The Court finds that the allegations in paragraph ‘E’ are without merit and petitioner’s attorneys filed the motion when the case was proceeding under the capital murder charge and the attorneys filed that motion to preserve the issue for any future appeal. Attorney Jinks testified that he ‘thought it was prudent to file the motion,’ to have someone with more experience if the case had continued as a capital murder case.
“The Court finds that the allegation contained in paragraph ‘F’ concerning testimony of Gary F. Washington did not constitute hearsay to any extent that would be prejudicial to the petitioner and certainly not to the extent that it would be ineffective assistance of counsel.
“The Court finds that the allegation in paragraph ‘G’ is without merit and Willie James Bethune did no more than testify as to what he observed as an eyewitness.
“The Court finds that the allegation contained in paragraph ‘H’ is without merit and petitioner’s attorney did explain to the defendant every conversation that took place between counsel, District Attorney, the Judge, [and] any other person.
“The Court finds based on the testimony on June 5, 1997, review of files, affidavit of William H. Robertson, and the trial transcript that the petitioner had effective assistance of counsel. Each of the allegations [has] little or no merit and at most represents a difference of opinion between prisoner and his counsel.
“ ‘Ala.Cr.App.1991. Mere difference of opinion between prisoner and his counsel as to trial tactics and procedures coupled with lack of objection at trial, constituted insufficient basis to grant petition for postconviction relief on grounds of ineffective assistance of counsel. U.S.C.A. Const.Amend. 6. Stone v. State, 579 So.2d 702.
“ ‘When reviewing whether an attorney is effective, courts ‘should always presume strongly that counsel’s performance was reasonable and adequate.’ *806 Rogers v. Zant, 13 F.3d 384, 386 (11th Cir.1994).’
“It is THEREFORE ORDERED and ADJUDGED that the petitioner’s allegation of ineffective assistance of counsel is without merit and the Rule 32 Petition is hereby denied as to the issue of ineffective assistance of counsel.
“It is ORDERED that the Clerk give appropriate return to the Court of Criminal Appeals.
“Done this the 24th day of June, 1998.”
It appearing that the action of the trial court is proper in all respects, the judgment of that court is affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.